[No. 19334.   Department Two.—August 14, 1894.]

## BRYANT HOWARD, Respondent, v. J. H. McCHES-NEY, Appellant, et al., Defendants.

Vacation of Judgment—Service by Publication—Recital.—A judgment by default, in an action where the service of the summons was by publication, is not void on its face, where it contains a recital of due service, if there is nothing in the record inconsistent with such recital; and a motion to vacate the judgment cannot be made after the time limited by section 473 of the Code of Civil Procedure.

Id.—Affidavit of Publication—Videlicit—Omission of Date.—A direct statement in the affidavit of publication that summons was published each week for two months between two named dates is not overcome and rendered valueless by a subsequent statement under a *videlicit* in which one regular day for the issuance of the paper is omitted from the enumeration.

Id.—Construction of Videlicit.—That which follows a *videlicit* does not destroy that which precedes it; and, as a general rule, if it is repugnant to the preceding matter, it will be rejected.

Id.—Amendment of Affidavit of Publication.—Upon a motion to set aside a judgment by default for a defect in the affidavit of service by publication the court has the right to allow in evidence a second affidavit to clear away any possible doubt which there might be about the meaning of the first, and to show that the service by publication was sufficient in fact.

Appeal from an order of the Superior Court of San Diego County denying a motion to set aside a decree of foreclosure entered against the defendant by default.

The facts are stated in the opinion of the court.

*E. W. Hendrick*, for Appellant.

*E. W. Britt*, for Respondent.

McFarland, J.—This is an appeal by the defendant McChesney from an order denying his motion to set aside a decree of foreclosure entered against him by default. His motion is not based upon section 473 of the Code of Civil Procedure; he does not ask to be allowed to answer to the merits; it was not made until more than a year after the rendition of the judgment. It rests entirely upon the theory that the judgment is absolutely void, and could, therefore, be set aside at any time on motion.

Service was had on appellant by publication; and he bases his contention that the judgment is void upon the ground of the insufficiency of the affidavit of publication made before the entry of the decree and attached to the judgment-roll.   The publication was by the order of the court to be for two months in a certain weekly newspaper; and the affidavit stated that the summons was published in said newspaper every week and weekly "for the period of more than two months from the twenty-sixth day of November, 1891, to the eleventh day of February, 1892, viz": Then follows a statement of each seventh day between said two dates, except that the 21st of January, 1892—a regular day for the issuance of said paper—was omitted from the enumeration.   The omission of that day is the only alleged defect in the affidavit.   Before the motion to vacate was heard, the court allowed the person who made the first affidavit to file a second one which showed that publication was made on said January 21st.

The order must be affirmed.   The judgment is not void on its face.   It contains a recital of due service, and there is nothing in the record inconsistent with such recital.   .The previous direct statement in the affidavit that summons was published each week for two months between two named dates is not overcome and rendered valueless by the subsequent statement under a *videlicit*.   The most that can be said about the affidavit is that it is ambiguous.   That which follows a *videlicit* does not destroy that which precedes it; the general rule rather is that if repugnant to the preceding matter it will be rejected.   (*Brown* v. *Berry*, 47 Ill. 177; 2 Abbott's Law Dictionary, 447, 635.)   Moreover, the court clearly had the right to allow in evidence the second affidavit, which cleared away any possible doubt which there might be about the meaning of the first. (See *Herman* v. *Santee*, ante, p. 519, decided August 13th by Department One of this court, and cases there cited.)

The order appealed from is affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.