(May 22, 1909.)

IRA CALL, Respondent, v. ROCKY MOUNTAIN BELL TELEPHONE COMPANY, Appellant.

[102 Pac. 146.]

SERVICE OF SUMMONS—INSUFFICIENT PROOF OF SERVICE—AMENDED RETURN OF SERVICE—WHEN AMENDMENT MAY BE MADE—AMENDMENT AFTER APPEAL.

1. Where actual service of summons issued from a justice or probate court, has been made, but the return of service was insufficient and did not show a good service, and the default of the defendant was entered and judgment was taken against him, it is proper to

thereafter allow an amended return of service to be made so as to show that a good and valid service had in fact been made.

2. Where the return of service of summons is insufficient to establish the fact of service, but judgment by default is entered and the defendant appeals to the district court on questions of law alone, and there moves to vacate and set aside the judgment on the ground that there is no valid proof of service, it is not error for the district court to permit the filing of an amended return of service which has been properly made in the justice or probate court in which the judgment was entered, and which return has been duly certified to the district court.

3. Jurisdiction to enter a judgment against a defaulting defendant rests upon the fact of service itself, and the return of service is simply the evidence of the jurisdictional fact, and is subject to amendment so as to make it conform to the facts. Jurisdiction of the person of the defendant is acquired by service of process, and attaches on the service and not upon the return.

4. It would be a manifest miscarriage of justice to allow a defendant who has been actually served with process and who has permitted a default judgment to be entered against him to thereafter procure a vacation of the judgment either in the court in which it was rendered or on appeal, simply because the proof of service is insufficient, where the plaintiff is at the very time in court presenting a sufficient and amended proof of service, and asking for the opportunity to file the same and have it made a part of the record in the case.

(Syllabus by the court.)

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Alfred Budge, Judge.

Action in probate court for debt. Judgment for plaintiff by default. Defendant appealed to the district court, where the judgment was affirmed, from which judgment defendant appealed to this court. *Affirmed.*

Clark & Budge, for Appellant.

The records and files of the probate court at the time judgment was entered did not show that service had been made upon defendant (appellant), and therefore there were not sufficient jurisdictional facts shown to authorize the court to enter judgment: (*Kane v. Desmond,* 63 Cal. 464; *Layton*

*v. Trapp,* 20 Mont. 453, 52 Pac. 208; *Segar v. Muskegon S. & L. Co.,* 81 Mich. 344, 45 N. W. 982; *Cook v. Rowe* (N. Y.), 26 Hun, 673.)

The authority and power of the inferior court to enter judgment depends not alone upon the fact of regular service, but upon the complete showing by the return that such service was made. Such a court cannot proceed without the precedent valid service being shown, even if there was an actual compliance with the law in making service, for it gets its knowledge of the actual service, upon which knowledge it is authorized to proceed, only from the return. (*Belfils v. Flint,* 15 Or. 158, 14 Pac. 296; *State v. Harrington,* 31 Mont. 294, 78 Pac. 484.)

When the respondent applied to the probate court for the filing of this amended return, the cause was then beyond the control of that court; it had no right and no authority to permit the amendment. (*Knoff v. Puget Sound Co.,* 1 Wash. St. 57, 24 Pac. 27.) And the district court had no authority or jurisdiction to permit the amended return to be filed in aid of the judgment appealed from, because the offer to amend the return after appeal was too late. (*Hall v. Graham,* 49 Wis. 553, 5 N. W. 943; *Jenkins v. Crofton,* 10 Ky. Law Rep. 456, 9 S. W. 406; *Texas State Fair v. Lyon,* 5 Tex. Civ. App. 382, 24 S. W. 328; *Knoff v. Puget Sound Co., supra.*)

Standrod & Terrell, for Respondent.

It is the fact of service that gives the court jurisdiction, and not the proof of service. (*Hermann v. Santee,* 103 Cal. 519, 42 Am. St. 145, 37 Pac. 509; *Drake v. Duvenick,* 45 Cal. 463; *Burke v. Inter-State Sav. & L. Assn.,* 25 Mont. 315, 87 Am. St. 416, 64 Pac. 879-882; *Jones v. Gunn,* 149 Cal. 687, 87 Pac. 577; *Estate of Newman,* 75 Cal. 220, 7 Am. St. 146, 16 Pac. 887; *Howard v. McChesney,* 103 Cal. 537, 37 Pac. 523; *Hibernia Sav. & L. Soc. v. Matthai,* 116 Cal. 424, 48 Pac. 370; *Woodward v. Brown,* 119 Cal. 283, 63 Am. St. 108, 51 Pac. 2; *Bank of Orland v. Dodson,* 127 Cal. 208, 78 Am. St. 42, 59 Pac. 584; *Sichler v. Look,* 93

Cal. 600, 29 Pac. 220; *Lunnun v. Morris,* 7 Cal. App. 710, 95 Pac. 907; *Pico v. Sunol,* 6 Cal. 295; Freeman on Judgments, 4th ed., sec. 89.)

And a subsequent amendment of the record by supplying this proof of service is as effective to support the judgment as if it had been filed before its entry. (*Hibernia S. & L. Soc. v. Matthai, supra; Drake v. Duvenick, supra; Hermann v. Santee, supra; Sichler v. Look, supra;* Freeman on Judgments, sec. 89b; *Allison v. Thomas,* 72 Cal. 562, 1 Am. St. 89, 14 Pac. 309; *Perri v. Beaumont,* 88 Cal. 108, 25 Pac. 1109.) If service has in reality been had, then jurisdiction attaches. "Whenever it transpires that the return has been so corrected, by proper authority, as to show adequate service, then the record will be sufficient." (*Ranch v. Werley,* 152 Fed. 509-515; *Weaver v. Southern Ore. Co.,* 31 Or. 14, 48 Pac. 167; *Burr v. Seymour,* 43 Minn. 404, 19 Am. St. 245, 45 N. W. 715; *Frisk v. Reigelman,* 75 Wis. 499, 17 Am. St. 198, 43 N. W. 1117, 44 N. W. 766; *Hermann v. Santee,* 103 Cal. 519, 42 Am. St. 145, 37 Pac. 509.)

In the justice's court an officer may be permitted, on proper showing and notice, either before or after judgment, to amend his return to the summons according to the facts. (24 Cyc. 527-528; *Martin v. Castle,* 182 Mo. 216, 81 S. W. 426.) "These amendments have been permitted in the circuit court on appeal, on the ground that they could have been permitted in the justice's court." (*Turner v. Kansas City R. R. Co.,* 78 Mo. 578; *Commission Co. v. Estep,* 63 Mo. App. 543; *Boatmen's Sav. Bank v. Grew,* 84 Mo. 477; *School Dist. v. Holt,* 126 Mo. App. 571, 105 S. W. 32; *Transier v. St. Louis etc. R. R. Co.,* 54 Mo. 189.)

AILSHIE, J.—This appeal is from the judgment of the district court rendered and entered on appeal from a judgment of the probate court of Bannock county. The case was originally commenced in the probate court of Bannock county on June 16, 1908, for the recovery of the sum of $477.73. Summons was issued on the same day the action was instituted and was returned the following day. The

defendant failed to appear and, after waiting the statutory time, the plaintiff introduced his evidence and judgment was entered in his favor. The defendant appealed to the district court on questions of law alone. In the district court the contention was made by the defendant and appellant that the return of summons was insufficient, and that the probate court therefore had no jurisdiction to enter judgment against the defendant. After the case was argued in the district court, the plaintiff secured an amended return and had it filed in the probate court as of the date of the original return, June 17th, and thereupon the probate judge certified the same up to the district court. On application of the plaintiff, in the district court, the latter court permitted the amended return to be filed with the papers in the case. He thereupon overruled the contention made by the plaintiff on the jurisdictional question and affirmed the judgment of the probate court. This appeal is from the judgment thus made and entered by the district court.

The portion of the original return to which appellant takes exception is as follows:

"That she received said summons on the 16th day of June, 1908, and thereafter on the 16th day of June, 1908, she served the said summons on the defendant, Rocky Mountain Bell Telephone Company, the corporation mentioned in said action as the defendant herein, by delivering a true copy thereof to V. R. Lanestrem, the managing agent of said defendant corporation within the state of Idaho, who has charge of the business of said defendant within Bannock county."

Appellant's contention is that the return wholly failed to show where the service was made, and that it should have affirmatively shown that the service was made within the jurisdiction of the probate court, namely, within Bannock county, and that the failure to do so was jurisdictional, and left the court without any jurisdiction to enter judgment in the case. It is not denied but that service was actually made within Bannock county. The only controversy arises as to the proper proof of service not being made prior to

the entry of judgment. If the jurisdiction of the probate court was dependent on a proper proof of service being made prior to the rendition of judgment, then, of course, respondent should not have been allowed to file an amended return either in the probate court or in the district court. If, on the other hand, the question of jurisdiction is dependent on the fact of service, then the return might be amended even after judgment. On this question the courts are not in harmony. Some courts hold that proof of service is the jurisdictional question. Much that has been said on that side of the question, however, has been in cases where the return was wholly insufficient to show service and support the judgment and no amended return or proof of service was made or tendered. In such case the court has no alternative but to hold the judgment void for want of service of which the return is the evidence. The safe and reasonable rule, as it seems to us, is as stated by the California court that, "it is the fact of service which gives the court jurisdiction and not the proof of service," and that "jurisdiction of the person of defendant is acquired by the service of process and dates from such service and not from the return." (*Pico v. Sunol*, 6 Cal. 295; *In re Newman*, 75 Cal. 220, 7 Am. St. 146, 16 Pac. 887; *Herman v. Santee*, 103 Cal. 519, 42 Am. St. 145, 37 Pac. 509; *Haward v. McChesney*, 103 Cal. 537, 37 Pac. 523; *Woodward v. Brown*, 119 Cal. 283, 63 Am. St. 108, 120, 51 Pac. 2, 542; *Hibernia Sav. & L. Soc. v. Matthai*, 116 Cal. 424, 48 Pac. 370; *Burr v. Seymour*, 43 Minn. 401, 19 Am. St. 245, 45 N. W. 715; *Allison v. Thomas*, 72 Cal. 562, 1 Am. St. 89, 14 Pac. 309, 24 Cyc. 527.) Mr. Freeman, in his work on Judgments (4th ed., sec. 89b), says:

"If the return upon the summons or other writ designed to give the court jurisdiction over the person of the defendant is omitted, or incorrectly made, but the facts really existed which were required to give the court jurisdiction, the weight of authority at the present time permits the officer to correct or supply his return until it states the truth, though by such correction a judgment apparently void is

made valid. Though the proof of the service of process does not consist of the return of an officer, the like rule prevails. Thus, if the summons has been published in the manner required by law, but the proof of publication found in the files of the court is defective, the court may, on the fact of due publication being shown, permit an affidavit to be filed showing the facts, and when so filed it will support the judgment, as if filed before its entry.'' (See, also, *Ranch v. Werley,* 152 Fed. 509; *Frisk v. Reigelman,* 75 Wis. 499, 17 Am. St. 198, 43 N. W. 1117, 44 N. W. 776; *Fransier v. St. Louis etc. R. R. Co.,* 54 Mo. 189.)

In *Woodward v. Brown,* the California court held in a case where service had been made by private party and the proof thereof was defective, that an amendment might be allowed two years after judgment had been entered. In that case the amendment was allowed and filed *nunc pro tunc* as of the date of the entry of judgment.

In *Frisk v. Reigelman,* the amended return was transmitted to the appellate court and there allowed. It has been contended by the appellant that a distinction should be drawn between cases that are heard in a court of record and cases in courts of inferior jurisdiction. This argument proceeds on the principle that the presumptions are all in favor of the regularity of the proceedings of courts of record; while, on the other hand, no presumption can be indulged in favor of the regularity of proceedings of courts of inferior jurisdiction, such as justice courts. And this case must be considered and disposed of under the justice practice.

We fail to see the force of this argument in the consideration of the particular question involved here. If a judgment is void on its face, it cannot be any more void because it was entered by a court of inferior jurisdiction. The same is true if it is only voidable. For the same reason, when the actual fact of jurisdiction exists, it is just as much a fact, although the case was pending and heard in a court of inferior jurisdiction, as if heard in a court of record. If the proof of service may be so corrected and amended in a court of record as to make it speak the truth, we see no

reason why it may not be equally amended and corrected in a court of inferior jurisdiction in order to make it speak the truth in that court. If we are correct in concluding that jurisdiction depends upon the actual fact of service rather than the proof thereof, then the probate court that rendered the judgment in this case actually had jurisdiction to enter the judgment at the time. The proof being defective and insufficient rendered the judgment at least voidable. The attack made on the judgment was not on account of an actual failure to make service, but wholly on the ground that the proof of service was not sufficient. The party attacking the judgment could not possibly be prejudiced by the fact that the court permitted the party in whose favor the judgment was entered to procure an amendment to the return so as to make it speak the truth and consequently show that an actual service had been made.

In the case of *Martin v. Castle,* 182 Mo. 216, 81 S. W. 426, the supreme court of Missouri had under consideration the question of the right of a justice of the peace to permit an amendment to the return of service in a case where the amendment was proposed subsequent to the entry of judgment. In considering this question the court said:

"The return of the constable upon the summonses did not, when returned, show that said townships were adjoining and in the same county; but after the returns were amended before the justice they did show this to be the fact. As was said in *Turner v. Kansas City etc. R. R. Co.,* 78 Mo. 578: 'The justice had jurisdiction of the cause, if the writ was in fact properly served on the defendant, whether the return of service made by the officer was defective or not. The service in this case was sufficient, and the return only was defective in not stating correctly the manner of service, and no error was committed by the circuit court in permitting the amendment.' So, in the case at bar, the returns only were defective, in not stating that the townships of Nodaway and Rochester were adjoining townships in the same county, and the justice had the right to permit the amendments in this regard in subservience of the ends of

justice. . . . . It is no objection that the amendment is permitted after the suit which the amendment is sought to affect has been begun. (*Fee v. Kansas City etc. R. R. Co.,* 58 Mo. App. 90, and *Corby v. Burns,* 36 Mo. 194.) Nor is it any objection that the amendment is made during the trial of such suit, nor that the amendment was permitted thirteen months after the original returns were made; nor, where jurisdiction of the court in fact exists, will it be an objection that no jurisdiction appeared except by amendment."

It would be a lamentable commentary on the administration of justice if a defendant who has been actually served with process can allow a default judgment entered against him, and thereafter procure the judgment to be vacated and set aside, either in the court in which it was rendered or on appeal, simply because the proof of service on file is insufficient, when the plaintiff is at the same time in court presenting a sufficient and amended proof of service and clamoring for the opportunity to file the same and have it made a part of the record in the case. A different question would arise if defendant could be in any way prejudiced by the action, or if the interests of an innocent third party would be affected thereby. No such question arises in this case.

We are satisfied that the district judge properly allowed the amended return to be filed, and the judgment must therefore be affirmed. Judgment affirmed, with costs in favor of respondent.

Sullivan, C. J., and Stewart, J., concur.