Orosco v. Gonzales, 19 N. M. 130

(No. 1609, June 6, 1914)

CELESTINO OROSCO ET AL, Appellees, vs. URSULO GONZALES, Appellant.

### SYLLABUS (BY THE COURT)

1. Sec. 63, Chap. 49, S. L. 1907, construed. Held: That notice of the appeal therein provided for is served upon the state engineer, within the meaning of the first clause of the proviso, when it is delivered to such official and filed in his office, and, that the second clause of said proviso, which provides for the manner of service of notice of appeal, applies only to the service upon the parties in interest.

P. 134

2. A return to a summons by the sheriff, that he has served the party therein named personally therewith, is sufficient, without stating the county wherein such service was made, as it will be presumed that the service was made in the proper county, in the absence of a showing to the contrary.

P. 135

3. Notice of the filing of a petition for removal of an appeal pending before the board of water commissioners, to the district court, upon failure of said board to meet and act upon such appeal within ninety days, and an application for a writ of certiorari, under the provisions of Sec. 65, Chap. 49, S. L. 1907, need not be served upon the interested parties prior to the issuance of said writ by the district court. It is only essential that it should be so served twenty days before such parties are required to plead, answer or proceed to a hearing on the merits, where service is made in the county in which the cause is pending.

P. 137

Appeal from District Court, Sierra County. Merritt C. Mechem, Presiding Judge. Affirmed.

H. A. WOLFORD, for Appellant.

Court erred in overruling defendant's motion to dismiss writ of certiorari. Secs. 63, 64, 65, Chap. 49, Sess. Laws 1907.

Court erred in holding that decision of State Engineer was not final in this case. Vol. 2, Enc. Pl. & Pr., p. 16; Vol. 2 Cyc., p. 868.

EDWARD D. TITTMANN, Hillsboro, N. M., for Appellees.

Appellant bound by grounds of motion. Vol. 2, Cyc. 666, VII; 78 N. W. 847.

Rule of testing writ of notice. Elliott on Appl. Proc., Secs. 170-171; 14 U. S. 436; 14 N. M. 20.

Boards and officers cannot capriciously or arbitrarily act and such action is subject to review. A. & E. Enc. L., Vol. 27, 711; 147 N. Y. 334.

## OPINION.

ROBERTS, C. J.—On the 4th day of May, 1911, the appellees filed an application with the territorial engineer for a permit to appropriate a stated amount of the waters of the Rio Seco, for the irrigation of certain described real estate in Sierra County, New Mexico. The appellant, Gonzales, filed a protest against the approval of said application, upon which a hearing was had, which resulted in the entry of the following order by the engineer, March 26, 1912:

"This application is approved provided one-third of the water be allotted to C. C. Crews and that the other two-thirds be equally divided between Gonzales, Orosco, Telles; provided also this application shall not be exercised to the detriment of any one having prior valid rights to the water herein described or of this stream system."

On April 6th, 1912, eleven days after the entry of said order, Orosco and Telles, by their attorney, Edward D. Tittmann, filed in the office of the state engineer a notice of appeal from the decision of the state engineer, in so

far as the order entered, awarded water rights to Gonzales, and which notice was marked, "Filed April 6, 1912. Office of State Engineer." `Notice of said appeal was also served upon Gonzales, by the sheriff of Sierra county, on the 8th day of April, as shown by the return of the sheriff indorsed on the back of said notice. The transcript was prepared, as required by law, and filed with the board of water commissioners. On the 29th day of April, 1912, Gonzales filed with the board written objections to its considering said appeal, because of alleged want of jurisdiction. No action was taken by the board within ninety days, at the expiration of which time the cause was removed to the district court by appellees, by writ of certiorari, as provided by Sec. 65, Chap. 49, S. L. 1907. In the district court appellant appeared specially and filed a motion to dismiss the writ of certiorari, upon the following grounds:

"First—That the said writ was issued without authority of this court by the clerk, wholly upon his own responsibility.

"Second—Because the decision sought to be reviewed by this court had become final, not having been appealed from, in the manner pointed out for appeals from the State Engineer to the Board of Water Commissioners.

"Third—Because there never was anything before the said board for them to act upon.

"Fourth—Because the writ can issue, notice of the filing of a petition and the application for the said writ shall be served upon all parties interested in the manner herein provided for service of notice of appeals to said board and that must be done either as a summons is served or by publication. And that in this case the writ was issued long before any notice was attempted to be served."

The court overruled the motion, and appellant declined to plead further, or to appear generally. Thereupon the court heard the evidence on behalf of appellees; and, upon the record certified by the board of water commissioners and such evidence, judgment was rendered in favor of the appellees, and appellant was denied the right to the use

of any of the water applied for by appellants. From this judgment appellant prosecutes this appeal, and by his assignment of errors he seeks to have reviewed the action of the trial court in overruling his motion to dismiss the writ of certiorari.

The questions presented will be discussed in their logical order, and not as set forth in the above motion.

1. The first proposition involves a construction of a portion of Sec. 63, Chap. 49, S. L. 1907, which reads as follows:

"Any applicant or other party dissatisfied with any decision, act or refusal to act of the territorial engineer, may take an appeal to said board; provided, notice of such appeal shall be served upon the territorial engineer and all parties interested within thirty days after notice of such decision, act or refusal to act, and unless such appeal is taken within said time, the action of the territorial engineer shall be final and conclusive. Notice of such appeal may be served in the same manner as summons in actions brought before the district courts of the Territory, or by publication in some newspaper printed in the county or water district wherein the work or point of desired appropriation in question is situated, once a week for four consecutive weeks, the last publication to be at least twenty days prior to the date when such appeal may be heard."

The notice of appeal was not served upon the state engineer, by the sheriff, or by publication, but was filed in his office within thirty days after his decision in the matter. The failure to so serve the notice, appellant contends, invalidated the appeal, and neither the board of water commissioners or the district court had any jurisdiction in the premises. This contention is upon the assumption that the last clause of the proviso above quoted, which provides for the manner of service, applies to the service upon the state engineer. But in this appellant is in error. The state engineer is supposed to be impartial in all questions which come before him for determination, having no interest whatever in the matter, and hence is not an adverse party, upon whom formal service of process would

be required, as in civil cases, under our statute. The purpose of the notice to the engineer is to advise him that an appeal has been taken, so that he can transmit or produce before said board the papers, maps, etc., as required by Sec. 64. The first portion of the proviso requires that this notice shall be served upon the engineer, but the manner and method of serving the same is not specified. The engineer is required to keep a record of all proceedings in his office, in any matter there depending, and upon appeal he transmits the required papers, or certified copies thereof to the board of water commissioners. The record necessarily would be required to show that notice of the appeal had been filed with the engineer. Having been so filed, it becomes a part of the record in the case, and the delivery of the notice to the engineer is "service" within the meaning of the statute.

In the case of Jarvis vs. County of Chase, 64 Neb. 74, the court had before it a somewhat similar question. There the statute required a written notice of appeal to be served upon the county clerk within twenty days from the date of a decision by the board of county commissioners, whereupon the clerk was required to make out and certify a transcript of the proceedings, etc. As in this case, the notice was filed with the clerk, and included in the transcript. The question was raised in the district court, by a plea to the jurisdiction, which was sustained. On appeal the supreme court says:

"Rigid interpretation and judicial refinement were carried too far when the court held that the county clerk could receive, file and copy the notice, without being served with it. Delivery was service, and the fact of delivery is a necessary inference from the recitals of the transcript."

It is, we think, apparent that the last clause of the proviso is intended only to prescribe the manner of service upon the adverse party. It certainly would be absurd to require, or authorize publication of a notice, in order to obtain service upon the state engineer of a notice of appeal from his decision.

The notice of the appeal was served upon appellant by the sheriff of Sierra county, of which county he was a resident at the time of service, but he contends that the return does not show that he was served within said county and that it was essential that the return should so show. In this he is in error. A return to a summons by the sheriff, that he has served the party therein named personally therewith is sufficient, without stating the county wherein such service was made, as it will be presumed that the service was made in the proper county, in the absence of a showing to the contrary. Knowles vs. The Gaslight and Coke Co., 19 Wall. 58.

The first ground of appellant's motion, viz: "That the said writ was issued without authority of this 'court by the clerk, wholly upon his own responsibility," was disposed of by the district court, by the entry of a *nunc pro tunc* order, directing the issuance of the writ of certiorari.

The only remaining question is whether notice of the filing of the petition for removal to the district court must be served upon the adverse party, prior to the issuance by the court of the writ of certiorari. The board of water commissioners took no action whatever in the matter, upon the appeal to it, and, upon the expiration of ninety days from the time of filing notice with the board of the said appeal, appellees filed a petition in the district court of Sierra county to remove the cause to said court, as authorized by Sec. 65, Chap. 49, S. L. 1907. The court directed the issuance of a writ of certiorari to said board, commanding it to certify to the court the record of all proceedings had, and evidence taken in said cause. This writ was served upon the clerk of said board, together with a notice of the filing such petition, and the attorney for appellant acknowledged service of the same for his client. The statute which authorizes the removal of the case to the district court, and provides for the notice, reads as follows:

"The decision of said board, upon any such appeal, shall be filed in the office of the territorial engineer, who

shall thereafter act in accordance with such decision. The decision of said board shall be final, subject to appeal to the district court of the district wherein such work, or point of desired appropriation, is situated, to be taken within sixty days from the date of such decision, upon notice served in the manner and within the time in this act provided for service of notice of appeal from the decisions or acts of the territorial engineer, and upon filing a cost bond in such sum as the board may fix, with two or more sureties to be approved by the clerk of said board. If for any good reason said board should fail to meet and act upon any such appeal within ninety days after the filing of notice thereof with the clerk of said board, the case may be taken before the district court of the district wherein the work done or point of desired appropriation in controversy is situated upon petition and by writ of certiorari directed to the said board and served upon the clerk thereof; provided, that notice of the filing of such petition and the application for said writ shall be served upon all parties interested in the manner herein provided for service of notice of appeals to said board." Sec. 65, Chap. 49, S. L. 1907.

From a reading of the statute it will be seen that the writ is issued, as a matter of course, by the district court, upon application and the requisite showing. Notice is not required for the purpose of enabling the adverse party to litigate the question of whether the writ shall issue, but for the purpose of giving him notice to appear at the hearing on the merits. It is true the proviso to the statute providing for notice is somewhat ambiguous and confusing, because it says "that notice of the filing of such petition and the application for said writ shall be served upon all parties interested in the manner herein provided for service of notice of appeals to said board," and seemingly implies that notice shall be served before the writ is issued. But when the object of the notice is given consideration, together with the other provisions of the statute, it is evident, we think, that the legislature intended only to provide notice to the interested parties that the

cause had been removed to the district court, and, that it would there be heard on its merits, so that they might, in that forum, defend their rights. This being true, **3** we are of the opinion, that it was not necessary that appellant should have been served with notice prior to the issuance of the writ of certiorari, and that the requirements of the statute were satisfied when he was so served twenty days before he was called upon to plead, answer or proceed to a hearing on the merits, he having been served in the county in which the cause was pending.

The notice of filing the petition and application for the writ of certiorari, and the writ, were served upon the clerk of the board of water commissioners by the sheriff, but in making his return he inadvertently designated the clerk as "secretary of the board of water commissioners," instead of clerk. This question was not raised in the district court and cannot be here reviewed, even though worthy of consideration, which is hardly probable.

For the reasons stated, the judgment of the district court will be affirmed, and it is so ordered.