95 P.2d 204

**BOURGEIOUS v. SANTA FE TRAIL STAGES, Inc.**

No. 4448.

Supreme Court of New Mexico.

Oct. 16, 1939.

Wilson & Watson, of Santa Fe, for appellant.

Mann & Tonkin, of Albuquerque, for appellee.

ZINN, Justice.

On September 20, 1938, the District Court of Santa Fe County entered its order overruling appellant's motion to recall execution and set aside a final judgment theretofore entered against it by default on February 24, 1938. From this order this appeal is prosecuted.

The facts revolving around the legal issues raised on appeal are as follows:

Appellee's complaint was filed December 28, 1937, and summons issued on the same day. On December 30, 1937, there was filed in the cause the affidavit of Rosana Lujan to the effect that she had served a true

copy of the complaint and the Summons in the cause on Francis C. Wilson, the appellant's statutory agent. On February 15, 1938, the Clerk of the District Court filed in the cause a certificate of non-appearance. This certificate of non-appearance recites as a fact " * * * that it appears from the return made by the sheriff that the said defendant was personally served with process in the county of Santa Fe, on the 30th day of December 1937." There was thereupon entered by the court and filed on February 24, 1938, a default decree against appellant. On July 7, 1938, execution was issued and on July 27, 1938 the motion was filed by appellant to recall the execution and set aside the default judgment. An amended motion of like import was filed August 5, 1938, which is the motion that was overruled and from which order this appeal followed. To the amended motion to recall the execution there is attached an affidavit of merit by J. W. Blood, secretary and general counsel of the appellant. This affidavit recites that the appellant had no notice or knowledge of the case until after execution had issued; that the summons had not been transmitted by the statutory agent to the appellant.

To the original motion of the appellant to recall the execution there is attached an affidavit by Eve Wientge, secretary to the statutory agent of appellant. There is no denial of service of summons and complaint upon the statutory agent in that affidavit.

The affidavit of service on file in the cause shows that Rosana Lujan, a citizen of the State of New Mexico and over the age of eighteen years, disinterested in the cause, on December 28, 1937, served upon Francis C. Wilson, the statutory agent of the appellant in this state, a true copy of the complaint and summons in this cause. This has never been denied by the statutory agent himself.

From all of the above it is certain to our mind, as it probably was to the trial court, that the affidavit of Rosana Lujan speaks the truth and that service of the complaint and summons in said cause was duly had upon the statutory agent of the appellant as provided by 1929 Comp.St., Sec. 32-196, as amended by L.1935, Ch. 113.

However, the return made by Rosana Lujan did not have attached thereto the original summons as required by 1929 Comp.St., Sec. 105-306.

In the order of the court from which this appeal is prosecuted, there is a recital therein that the court consulted the files and records in the cause. From this recital we must presume that the trial court was satisfied that a proper summons had been issued.

The question presented by the appellant in this case thus narrows down to whether the failure of the person who made the service and the return, but failed to return the original summons as required by 1929 Comp.St., Sec. 105-306, constitutes such an irregularity that the appellant was entitled to have the execution recalled and the judgment vacated pursuant to 1929 Comp. St., Sec. 105-846.

The appellant presents a double-barreled argument. First, that the failure to return the summons with the proof of service is such an irregularity that goes to the jurisdiction of the court. Second, even if it be such an irregularity that does not.go to the jurisdiction of the court, the court abused its discretion in not recalling its execution and setting the judgment aside as an irregularly entered judgment.

■ Answering the first proposition we can say unhesitatingly that the failure to return the original summons with the proof of service is not vital to the jurisdiction of the court over the person of the defendant. If the defendant has been properly served with a summons, the jurisdiction of the court over the person then and there attaches as effectively as does the jurisdiction of the court over the subject matter when a proper complaint is filed with the court.

■ Counsel for appellant and appellee in their briefs admit that there is a dearth of authority upon the point as urged by appellant. However, ordinary reasoning convinces us of the soundness of the conclusion we reach. The purpose of the summons is to give notice to the defendant. Until such notice has been given to the defendant, the court has no jurisdiction to proceed to judgment against the defendant even though the court may have jurisdiction of the subject matter. The summons is the process by which the defendant is summoned to court. The return on the other hand is merely the evidence by which the court is informed that the defendant has been given that indispensable notice to appear in court, without which the court is powerless to proceed. It is not, however, the return which gives the court jurisdiction.

In 21 R.C.L. 1315, § 62, under "Process" it is said: "It is not the return, however, but the service of the writ, that gives jurisdiction. The return is merely evidence by which the court is informed that the defendant has been served."

In the syllabus in the case of Kahn v. Mercantile Town Mutual Insurance Co., 228 Mo. 585, 128 S.W. 995, 137 Am.St.Rep. 665, we find: "Process.—It is the Service of a Writ and Petition upon the defendant, not the return, that gives the court jurisdiction over his person. The return is merely evidence by which the court is informed that the defendant has been served. (p. 671.)"

Also in Cunningham v. Spokane Hydraulic Mining Co., 20 Wash. 450, 55 P. 756, 757, 72 Am.St.Rep. 113: "The jurisdictional fact existed that the proper party had been served, and the announcement of that fact was not the essential thing in question. As was said by the supreme court of California in Herman v. Santee [103 Cal. 519], 37 P. 509 [42 Am.St.Rep. 145],—where a summons had been properly served, but the proof of service was defective, and the court, after judgment, allowed an amended affidavit of service to be filed nunc pro tunc as of the date of the judgment,—quoting Pico v. Sunol, 6 Cal. [294], 295: ' "Jurisdiction of the person of defendant is acquired by the service of process, and dates

from such service, and not from the return."' And Drake v. Duvenick, 45 Cal. [455], 463, where it was said: '"The fact of service was material, and from the time service was made the court was deemed to have acquired jurisdiction. The return of service might be formal or informal, perfect or imperfect. Still, if service were in fact made, the court acquired jurisdiction of the person of the defendant."' And Estate of Newman, 75 Cal. [213], 220, 16 P. 887 [7 Am.St.Rep. 146], where it was said: '"It is the fact of service which gives the court jurisdiction, not the proof of service."'"

See also Call v. Rocky Mountain Bell Tel. Co., 16 Idaho 551, 102 P. 146, 133 Am. St.Rep. 135, and cases therein cited to like effect.

■ The presumption of law is that the clerk of the court issued a proper summons. Where the record is silent as to the exact phraseology of the summons issued by the clerk the presumption is that the clerk of the court rightly issued a summons in the form provided by 1929 Comp.St., Sec. 105-303. A copy was served upon the statutory agent. When such service was made, the court then and there acquired jurisdiction.

Sec. 105-306 provides the manner in which a summons shall be served and the manner in which proof of such service shall be made. In the instant case, the manner of service was as provided by law, and the proof of such service is found in the affidavit of Rosana Lujan filed with the

Clerk of the Court. Sec. 105-307 specifically provides that the "* * * affidavit of the person serving the same [the summons] shall be sufficient proof thereof, * * *." Nowhere do we find that the original summons is made a part of the proof of service. Even reading the last paragraph of Sec. 105-306, upon which the appellant rests its entire case, the summons is distinctly classified separately from the proof of service, in this manner, to-wit: "* * * and the summons returned with proof of service * * *."

■ We do not mean to be understood as holding that the summons ought not to be returned with the proof of service to the clerk of the court by which it was issued. It is clearly the better practice to comply with the statute. This would obviate the necessity of relying on the presumption that a proper summons was issued, as we are compelled to do here. The court then would have the original summons before it. However, the failure to return the summons with the proof of service does not go to the extent of depriving the court of its jurisdiction over the person of the defendant who has been properly served and proof of such service made in the manner provided by law.

We must therefore hold against the appellant's contention that the failure to return the original summons with the proof of service to the clerk of the court goes to the jurisdiction of the court where a defendant was properly served with a copy of the summons.

Coming now to the appellant's second proposition. Does the failure to return the summons with the proof of service constitute such an irregularity as could be relieved against by timely motion directed at the judgment under 1929 Comp.St., Sec. 105-846? Also, being an irregularity as claimed by appellant, that the court abused its discretion in refusing to recall the execution and vacate its judgment.

As to the timeliness of the motion there can be no question. It was filed within the year allowed by law for judgments irregularly entered. The failure to return the original summons, with the proof of service if otherwise sufficient, in no way prejudiced the defendant. It cannot be questioned on the record that the statutory agent of the defendant was given proper notice as required by law. Such notice to him was notice to the defendant under the law. The failure to answer or plead to the complaint cannot be traced to the failure to return the original summons.

It is true as we said in Gilbert v. New Mexico Construction Co., 35 N.M. 262, 264, 295 P. 291: "To deprive a party of his day in court is a severe penalty for his merely negligent failure to appear. Such penalty should be avoided if it can be done without impeding or confusing administration or perpetrating injustice. The matter has been dealt with in numerous legislative enactments and judicial pronouncements. Sometimes the one consideration is emphasized and prevails; sometimes the other. We must be controlled by our own statute, course of decision, and policy."

However, we cannot set aside a judgment unless there was a clear abuse of discretion by the court. This we do not find in this case. Though default judgments are not favored, yet they are essential in the administration of justice and are authorized and granted by law. 1929 Comp.St., Sec. 105-804.

To set aside a default judgment as being irregularly entered, we must test the right of the movant by the same yardstick that we test the right of a movant against whom a judgment was entered in a litigated action. We have often defined the meaning of "irregularity" as found in Sec. 105-846, supra. Coulter v. Board of Comr's, 22 N.M. 24, 158 P. 1086; Ealy v. McGahen, 37 N.M. 246, 21 P.2d 84, and cases therein cited.

The mere failure or omission to return the summons with the proof of service is not an irregularity which prevents the court from conducting the suit in a due, orderly and proper manner. The defendant has been deprived of no right by the failure to file the summons with the proof of service. The requirements of Sec. 105-306, supra, that the summons be returned with the proof of service, is primarily for the benefit of the court. Its purpose is to apprise the court that due service has been had upon the defendant.

The trial court was satisfied that due and proper service of summons was had upon the defendant through its statutory agent. No denial is made here of that fact. We find no abuse of discretion under the cir-

cumstances as here shown. The judgment will be affirmed.

It is so ordered.

BICKLEY, C. J., and BRICE, SADLER, and MABRY, JJ., concur.