375 P.2d 212

Rhoda Caroline CRAWFORD, as guardian of
the Estate of Jessie Arval Crawford,
Plaintiff-Appellant,

v.

REFINERS CO–OPERATIVE ASSOCIA-
TION, INC., and Lawrence D. Hor-
ton, Defendants-Appellees.

No. 6930.

Supreme Court of New Mexico.

Oct. 2, 1962.

Lorenzo A. Chavez, Arturo G. Ortega, Melvin L. Robins, Albuquerque, for appellant.

W. C. Whatley, R. E. Riordan, Las Cruces, for appellees.

CARMODY, Justice.

Plaintiff below appeals from the trial court's order quashing the out-of-state service of process on the two defendants.

The action was originally brought against the driver of a motor vehicle and his alleged employer, based upon claimed negligence. The complaint averred that Horton, the driver, was a resident of New Mexico, and that the corporate defendant was a resident of Arizona. The plaintiff sought and obtained an order of court, directing service of process on Refiners Co-operative Association, Inc. upon the secretary of state, and further ordering that such defendant be served with a copy of the summons, complaint and order wherever found, pursuant to §§ 64-24-3 and 64-24-4, N.M. S.A.1953 (this being the so-called nonresident motorist statute). Following service on the secretary of state, a copy of the summons, complaint and court order were served upon Lawrence D. Horton by the sheriff of Maricopa County, Arizona. The certificate of service by the sheriff stated, in part, that he had served Horton "as owner, of said corporation, which corporation is now defunct." Some months later, similar service was made by the same sheriff on Wendell K. Cook, "as statutory agent of said corporation, which corporation is now defunct."

Thus, the following questions are presented: (1) Was there proper service in Arizona on Horton, as an individual, when the complaint alleged that he was a resident of New Mexico; and (2) was the service upon Cook, who had been a member of the board of directors at the time of dissolution, sufficient to serve Refiners Co-operative Association, Inc., it being a California, not Arizona, corporation.

■ We are of the opinion that both defendants have been properly served. As to Horton, the driver, the service of process was valid under § 21–3–16, N.M.S.A.1953, Pocket Supp., and is controlled by Gray v. Armijo, 70 N.M. 245, 372 P.2d 821. The service, although not effective under §§ 64–24–3 and 64–24–4, supra, because of the allegation of New Mexico residence, was nonetheless fully adequate under the Gray case and the statute therein discussed. Horton was completely apprised of the case against him, and cannot rely on the fact that, even the plaintiff apparently thought at the time that service must be obtained under the non-resident motorist statute. It was the service of the summons and the complaint that gave the court jurisdiction over Horton, and any deficiency in the return by the sheriff did not take away this jurisdiction. See, Bourgeious v. Santa Fe Trail Stages, 1939, 43 N.M. 453, 95 P.2d 204, and cases cited therein.

As to Refiners Co-operative Association, Inc., somewhat more involved questions must be determined. According to an uncontroverted affidavit, the corporation had been dissolved, and we will assume, for the purposes of this opinion, that the dissolution occurred prior to the filing of suit. From the same affidavit, it appears that Wendell K. Cook was one of the directors at the time of dissolution.

Section 21–1–1(17) (b), N.M.S.A.1953, provides, in part:

"The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized, unless some statute of this state provides to the contrary."

■ Section 5400, vol. 24, Corporations, West's Annotated California Statutes, provides that a dissolved corporation " * * continues to exist for the purpose of winding up its affairs, prosecuting and defending actions by or against it, * * *." There is nothing in the New Mexico statutes in conflict with the California law and, actually, a portion of our statute is very similar. Section 51–7–3, N.M.S.A. 1953, provides, in part, that after dissolution of corporations, they " * * * shall be continued bodies corporate for the purpose of prosecuting and defending suits by or against them, * * *." It therefore follows that the defendant corporation is subject to suit and service of process, even though dissolved. Compare, 75 A.L.R.2d 1399 and cases cited therein. See, also, A B C Brewing Corporation v. Commissioner of Int. Rev., (9th Cir. 1955), 224 F.2d 483.

■ We next proceed to the question as to whether, under the provisions of §§ 64–24–3 and 64–24–4, supra, a corporation is a non-resident within the contemplation of the statute. We do not believe that there is any question but that the legislative intent was to include corporations as non-residents, just as much as individuals.

**4**

Such is the clear weight of authority. See, note, 53 A.L.R.2d 1164, at 1201, § 16. It was so held by the supreme court of North Dakota, under a very similar statute, in Austinson v. Kilpatrick, (N.D.1957), 82 N.W.2d 388, wherein that court said:

"The first question raised is whether the statute authorizes service upon a corporation. Considering the purpose of the statute there is no doubt but that the intent of the legislature was to have the word 'nonresident' include every nonresident whether a corporation or an individual. Otherwise the purpose of the statute would be very much restricted."

■ This leaves only the question of whether service upon Cook, as a director of the dissolved corporation, was sufficient under the law.

Our statute (§ 21-1-1(4) (*o*), N.M.S.A. 1953) provides that service may be had upon either domestic or foreign corporations by delivering a copy of the summons and complaint to an *officer,* the managing or general agent, or to any other agent authorized to receive service. Section 3305, vol. 24, *Corporations,* West's Annotated California Statutes, provides that service may be had against a dissolved corporation by delivering a copy thereof to an officer, *director* or person having charge of its assets. Sections 51-7-4 and 51-7-5, N.M. S.A.1953, provide that the directors are the trustees of dissolved corporations, and are suable in their own names or in the corporate name for debts owing by such corporations.

■ We do not believe it is material that the service upon Cook was made in Arizona. Service upon a director of a dissolved corporation is sufficient, both under the New Mexico and the California statutes, and it certainly cannot be considered necessary that service be made in the state of incorporation.

As stated, therefore, we are of the opinion that the service upon Wendell K. Cook was proper service upon the defendant corporation under the provisions of §§ 64-24-3 and 64-24-4, supra; and we do not reach the question as to whether service may or may not have been proper under any other section of the statute, including § 21-3-16, supra.

It therefore follows that the order quashing the service as to both defendants was erroneous, and the cause will be reversed and remanded, with direction to the district court to reinstate the case upon the docket and proceed in a manner not inconsistent herewith. IT IS SO ORDERED.

CHAVEZ and NOBLE, JJ., concur.

COMPTON, C. J., and MOISE, J., not participating.