686 P.2d 269 (1984)
101 N.M. 579
In the Matter of APPLICATION NO. 0436-A INTO 3841 TO CHANGE POINT OF DIVERSION AND PLACE AND PURPOSE OF USE OF SURFACE WATERS.
Howard M. SLEEPER and Hayden and Elaine Gaylor, Applicants-Appellants,
v.
ENSENADA LAND & WATER ASSOCIATION, et al., Protestants-Appellees, and
Steve Reynolds, New Mexico State Engineer, Respondent.
No. 7799.
Court of Appeals of New Mexico.
August 7, 1984.
Neil C. Stillinger, Sarah M. Singleton, Singleton Law Offices, Santa Fe, for applicants-appellants.
Richard Rosenstock, Chama, William Keller, Santa Fe, for protestants-appellees.

OPINION
DONNELLY, Chief Judge.
Appellants Howard M. Sleeper and Hayden and Elaine Gainer (applicants) appeal from an order of the district court denying their motion to dismiss an appeal taken to that court from an administrative decision of the state engineer.
The issue presented on appeal is whether a district court has subject matter jurisdiction under NMSA 1978, Section 72-7-1, to hear an appeal de novo from an administrative decision of the state engineer, where service of the notice of appeal was timely and properly served, but proof of service was not filed in a timely manner. We affirm.
Applicants applied to the state engineer for permission to change the use and point *270 of diversion for certain water rights located in Rio Arriba County. On January 27, 1984, the state engineer granted the application subject to certain conditions. Appellees, Ensenada Land and Water Association and others (protestants), protested the application. Following the denial of their protest on February 6, 1984, protestants filed a notice of appeal to the district court pursuant to Section 72-7-1, seeking a trial de novo. Protestants served copies of the notice of appeal on applicants within thirty days of the date of filing the notice of appeal; however, proof of service was not filed in the district court until March 19, 1984, more than thirty days after service had been actually obtained.
Following the filing of the appeal, applicants entered a special appearance and moved to dismiss on the grounds that the district court did not obtain jurisdiction, because the protestants, after serving applicants with copies of the notice of appeal, failed to timely file proof of service. Thereafter, the state engineer also moved to dismiss protestants' appeal on the same grounds. The trial court denied the motions to dismiss and certified the jurisdictional question for an interlocutory appeal to this court.

JURISDICTION OVER THE APPEAL
Applicants contend that the failure of protestants to timely file proof of service as provided in Section 72-7-1(C) deprived the district court of jurisdiction to hear the appeal, and that protestants have failed to properly perfect their appeal in the manner required by law.
Section 72-7-1 details the manner by which an appeal may be taken from a decision of the state engineer. The statute provides in applicable part:
B. Appeals to the district court shall be taken by serving a notice of appeal upon the state engineer and all parties interested within thirty days after receipt by certified mail of notice of the decision, act or refusal to act. If an appeal is not timely taken, the action of the state engineer is conclusive.
C. The notice of appeal may be served in the same manner as a summons in civil actions brought before the district court or by publication is [in] some newspaper * * *. Proof of service of the notice of appeal shall be made in the same manner as in actions brought in the district court and shall be filed in the district court within thirty days after service is complete. At the time of filing the proof of service and upon payment by the appellant of the civil docket fee, the clerk of the district court shall docket the appeal. [Emphasis added.]
A second statute, NMSA 1978, Section 72-12-10, also governs the right to an appeal from a decision of the state engineer. The latter statute provides: "The decision of the state engineer shall be final in all cases unless appeal be taken to the district court within thirty days after his decision as provided by Section 72-7-1 NMSA 1978."
Applicants contend that there are three requisites to perfecting an appeal under Section 72-7-1: (1) filing a notice of appeal with the district court within thirty days of receipt of a decision of the state engineer; (2) service of a copy of the notice of appeal upon applicants and the state engineer within thirty days of the filing of the notice of appeal; and (3) filing proof of service within thirty days after effecting service upon the adverse parties.
Applicants also contend that unless strict compliance is had with each requirement of the statute, jurisdiction to hear the appeal does not vest in the courts. Applicants assert that the statute spells out the manner in which an appeal must be taken and, as held in Angel Fire Corp. v. C.S. Cattle Co., 96 N.M. 651, 634 P.2d 202 (1981), "[t]he courts have no authority to alter the statutory scheme [for perfecting administrative appeals], cumbersome as it may be." Applicant contends that the necessary steps for perfecting such appeal are jurisdictional and cannot be waived. Id. See also Town of Hurley v. New Mexico Municipal Boundary Commission, 94 N.M. 606, 614 P.2d 18 (1980). Applicants *271 further assert that the holding in Plummer v. Johnson, 61 N.M. 423, 301 P.2d 529 (1956), indicates that the requirement of timely filing of proof of service is jurisdictional. We do not interpret Plummer as controlling in the instant case. Applicants concede that neither Angel Fire nor Plummer involved violation of the precise statutory provision at issue herein.
We recognize that where the legislature has established statutory steps for perfecting an appeal, the steps are jurisdictional. However, our cases have not addressed the precise question before us: whether the legislature intended all of the steps listed in Section 72-7-1 to be jurisdictional. We agree that the steps the legislature intended as prerequisites to perfecting the appeal are jurisdictional and cannot be waived. We think the constitutional and legislative history of the right of appeal at issue, together with the present statutory scheme, create a question whether the requirements in Subsection (C) were intended to be jurisdictional.
Following the decision in Plummer the state constitution was amended in 1967 to expressly permit the district court to hear de novo appeals from administrative decisions in matters relating to water rights. N.M. Const. art. XVI, § 5. The constitutional provision provides that the proceeding "shall be de novo as cases originally docketed in the district court." Id. Additionally, Section 72-7-1 has subsequently been amended in part.
The statute at issue in Plummer, which is now codified as Section 72-7-1, has been separated into lettered paragraphs: (1) Subsection (B) contains the language construed in Angel Fire; and (2) Subsection (C), which the supreme court said was not before it in Angel Fire, contains more specific procedural directions, some of which incorporate by reference the Rules of Civil Procedure. As presently provided, Section 72-7-1(B) sets out the jurisdictional requisites for perfecting an appeal from decisions of the state engineer. See Angel Fire. The provisions of Section 72-7-1(C) relating to the necessity for filing proof of service are not jurisdictional.
Both the constitutional amendment and the amendments to Section 72-7-1 evince an intention that the statute be read in conjunction with the Rules of Civil Procedure. Where, as here, there are two possible interpretations relating to the right to an appeal, that interpretation which permits a review on the merits rather than rigidly restricting appellate review should be favored. Cf. Orosco v. Gonzales, 19 N.M. 130, 141 P. 617 (1914); Transamerica Insurance Co. v. Sydow, 97 N.M. 51, 636 P.2d 322 (Ct.App. 1981).
Failure to file proof of service of the notice of appeal within a period of thirty days following service of the notice upon applicants does not deprive the district court of jurisdiction where there has been a timely filing of the notice of appeal and proper service of such notice upon the adverse parties. The requirement that proof of service be filed within thirty days of obtaining service upon an adverse party is procedural and not jurisdictional. A distinction exists between the jurisdictional requirement that service be timely made, and the statutory provision that proof of service be filed within a prescribed period.
As held in the early case of Bourgeious v. Santa Fe Trail Stages, Inc., 43 N.M. 453, 95 P.2d 204 (1939):
The purpose of the summons is to give notice to the defendant * * *. The summons is the process by which the defendant is summoned to court. The return on the other hand is merely the evidence by which the court is informed that the defendant has been given that indispensable notice to appear in court, without which the court is powerless to proceed. It is not, however, the return which gives the court jurisdiction.
Although the decision in Bourgeious predated the adoption of the Rules of Civil Procedure and antedated the adoption of the present version of Section 72-7-1, the distinction drawn between the jurisdictional requirements of perfecting service and the *272 necessity to file proof of service remains a valid rationale.
It is the act of obtaining service of process upon a party which satisfies due process requirements and invests the court with jurisdiction, rather than the filing of the proof of service. Id. See also First National Bank of Lea County v. Julian, 96 N.M. 38, 627 P.2d 880 (1981). Were we to adopt the contention sought by applicants, a party seeking a right of appeal could be barred from exercising this important right through either some defect in the proof of service, or through a failure of the person who made service, to timely return and properly certify the fact of service. See Crawford v. Refiners Co-operative Association, Inc., 71 N.M. 1, 375 P.2d 212 (1962); Orosco v. Gonzales. See also First National Bank of Lea County v. Julian.
The late filing of proof of service, where timely notice of appeal and service of process has been made, absent a showing of prejudice, does not deprive the district court of jurisdiction. In a case that parallels the issue in the instant case, W.H. Lailer & Co. v. C.E. Jackson Co., 75 F. Supp. 827 (D.Mass. 1948), the court held that, without a showing of prejudice, the failure to timely file proof of service upon an adverse party in an administrative appeal de novo to a court does not divest the court of jurisdiction to hear the appeal. Applicants have not alleged, nor have they shown, any prejudice from the delay in the filing of the proof of service.
The order of the district court denying applicant's motion to dismiss is affirmed.
IT IS SO ORDERED.
NEAL and MINZNER, JJ., concur.