179 P.2d 528

## COMMISSIONER OF PUBLIC LANDS v. VAN BRUGGEN.

### No. 4955.

Supreme Court of New Mexico.

March 14, 1947.

Rehearing Denied May 2, 1947.

George Graham, of Santa Fe, C. C. Mc-Culloh, Atty. Gen., and H. A. Kiker, of Santa Fe, for appellant.

Crampton & Robertson, of Raton, for appellee.

McGHEE, Justice.

The Commissioner of Public Lands cancelled grazing leases for subleasing them without his written consent. An appeal was taken to the District Court where on trial de novo judgment was rendered in favor of the lessee and the Commissioner has appealed to this court.

As we view this case the determination of two questions settle it. They are:

1. Does Section 8-866, 1941 Comp., grant lessee the right of appeal in this case?

2. If she does have such right, does the order to show cause issued by the Commissioner following the filing of an affidavit fulfil the requirements of Sec. 8-847, 1941

Comp., as to written notice before cancellation?

On September 18, 1943, an affidavit made by Carl Hennigan was filed with the Commissioner (omitting the exhibit), reading as follows:

"State Land Office Sep 18 1147 A M '43 Santa Fe, N. M.

"Statement Directed to Hon. R. H. Rodgers, Commissioner of Public Lands of the State of New Mexico.

"The undersigned states that he is a resident of Colfax County, New Meixco, and his post office address is Chico, New Mexico.

"That he is the owner of grazing lands in said County of Colfax and is engaged in the livestock business.

"That he is thoroughly familiar with the location, situation, condition and manner of use of the State lands described in Exhibit I hereto attached, as lands held under lease issued by the State of New Mexico to William Van Bruggen and to Anita Van Bruggen; and knows that Anita Van Bruggen is the daughter of William Van Bruggen, now deceased, and that said Anita Van Bruggen is Administratrix of the Estate of William Van Bruggen in process of probate in the Probate Court of Colfax County, New Mexico.

"That said State leases have been held by William Van Bruggen and Anita Van Bruggen as his successor for a period of more than 10 years and probably in excess of 15 years and affiant knows that at no time since the first year of the holding thereof by William Van Bruggen has the said Van Bruggen or the said Anita Van Bruggen as his successor ever made use of said lands for the grazing of cattle of their own thereon, and that for a period of at least 10 years the said Van Bruggens, being the owners of certain deeded lands of about equal acreage as said leased lands, contiguous to said leased lands, have at all times subleased said lands to other owners of cattle; and that for a period of several years last past the said lands so held under lease as aforesaid from the State of New Mexico have been subleased to one Tom Cobb, a citizen and resident of the State of Texas, who has run cattle on said lands for a period of approximately 6 months in each year.

"Affiant is informed and believes, and on information and belief states, that said State lands so leased from the State of New Mexico have been subleased by the holders of said leases at a profit of several hundred per cent on the price paid to the State therefor, and that said lands are being so subleased at the present time, and that said subletting has been done without permission from the State Land Commissioner; and affiant is further informed and believes that said subletting done as aforesaid is in direct violation of the rules and regulations of the State Land Office.

"Affiant, as a bonafide resident of the State of New Mexico, who owns land and cattle in said County of Colfax and who is required to pay taxes on land and cattle throughout the entire year in each and every year, is ready, willing and able to lease said lands which are contiguous to lands by him owned, and to make use of them in a bonafide cattle business and not in a speculative manner by subleasing or subletting.

"He accordingly calls the attention of the Commissioner of Public Lands to the situation existing with respect to said lands, and requests that such action be taken by the State Land Office as will result in said State lands being made use of in accordance with the rules and regulations of the State Land Office and in full compliance with the laws of the State.

"Carl Hennigan

"State of New Mexico, County of Santa Fe.—ss

"Carl Hennigan, being first duly sworn, on oath states: That he has read the foregoing statement made to the Commissioner of Public Lands of the State of New Mexico, and knows the contents thereof; and that the statements made therein are true of his own knowledge, except such as are made on information and belief and as to those he believes such statements to be true.

"Carl Hennigan."

Attached was a supporting affidavit of J. A. Torres that the lands had been sub-leased on Sept. 30. The commission issued an order to the lessee to show cause before him at Santa Fe on November 2, 1943, why the leases should not be cancelled, reading as follows, except for the land descriptions:

"To: William Van Bruggen

"Anita Van Bruggen, as Administratrix of The Estate of William Van Bruggen, deceased

"Anita Van Bruggen

"Maxwell, New Mexico

"Comes now H. R. Rodgers, Commissioner of Public Lands of the State of New Mexico, and gives notice, directs and orders you to show cause before him why the hereinafter described State Institutional Grazing Leases, heretofore entered into by and between the Commissioner of Public Lands, acting for the State of New Mexico, and the parties herein mentioned, under the respective dates as hereinafter set out, should not be cancelled.

"Grazing Lease #H-6562, Application No. H-6878, to William Van Bruggen, dated October 1, 1939, with expiration date October 1, 1944, covering the following described lands: * * *

"Grazing Lease #H-5678, Application No. H-5566, to William Van Bruggen, dated October 1, 1938, with expiration date October 1, 1943, covering the following described lands: * * *

"Grazing Lease H-7708, Application No. H-9150, to Anita Van Bruggen, dated July 16, 1940, with expiration date July 16, 1944,

covering the following described lands: * * *

"and Grazing Lease H-9949, Application No. H-11800, to Anita Van Bruggen, dated October 1, 1941, with expiration date October 1, 1946, covering the following described lands: * * *

"As grounds for this notice it is averred:

"(1) That information has been made available to the Commissioner of Public Lands that you, and each of you, as hereinabove set out, have violated the express terms of said leases, in that you have been using the said grazing lands for purposes other than grazing your own livestock, and

"(2) That you have speculatively sublet the said lands without the written approval of the Commissioner of Public Lands, in violation of the rules and regulations of the New Mexico State Land Office.

"The time and place for the hearing on this Order to Show Cause is Tuesday, November 2, 1943 at the hour of 10 o'clock A.M. at the office of the Commissioner of Public Lands in the Capitol, Santa Fe, New Mexico.

"Dated at the City of Santa Fe, State of New Mexico, this thirtieth day of September, one thousand nine hundred and forty-three.

"H. R. Rodgers

"Commissioner of Public Lands [Seal]

"Return Receipt Received from the Postmaster the Registered or Insured Article, the original number of which appears on the face of this Card.

"Anita Van Bruggen

"Date of delivery 10/2, 1943."

We now turn to the rules relating to contests adopted by the Commissioner of Public Lands on August 23, 1930, under the authority of Sec. 8-863, 1941 Code. The applicable rules read:

"Sec. 2. Contests may be initiated by the filing of a complaint or affidavit duly verified, specifically setting forth the grounds of the action. * * *"

"Sec. 3. If, upon consideration of the matters and things set up in the complaint and an examination of the records, the Commissioner shall deem the complaint to be sufficient to constitute a cause of contest, a notice of contest will be issued, * * *"

The remaining sections provide for service, making up of issues, etc.

At the opening of the hearing before the Commissioner we find the following:

"At this point, Mr. Graham, attorney for the Commissioner of Public Lands, asked that Judge H. A. Kiker be considered as associated with the case for the Land Office as he represented some of the interests who had promoted the action * * *"

Objection of the lessee was overruled. Mr. Graham then offered the "statement" of Hennigan to which was attached the

affidavit of Torres as evidence. Objection was made that it was hearsay. Again quoting:

"Judge Kiker intervened to say that it was entered as the complaint. Mr. Montoya (attorney for lessee) insisted that it not be used as evidence, whereupon the Commissioner ruled that it be introduced as the complaint, which is required by law and be made a part of the records."

At the conclusion of the hearing on November 2, 1943, the Commissioner stated he would withhold any final decision until the attorneys had submitted "facts and findings" and his decision was not filed until February 21, 1944. We find he leased the lands involved to Hennigan on January 3, 1944, with the following clause inserted therein:

"It is hereby understood and agreed that this lease may be cancelled by the Commissioner if the *contest* (emphasis ours) against Anita Van Bruggen is appealed to the courts and the decision of the Commissioner is reversed * * *"

It is plain to our minds that the affidavit of Hennigan was filed as an affidavit of contest under Rule 2, supra, and treated as such by the Commissioner, and that the "order to show cause" was issued and served as a notice of contest as provided by Rule 3, supra.

 The lessee had the right of appeal to the district court, and the ruling denying the motion of the Commissioner to dismiss on the ground there was no statute allowing an appeal of this case was correct.

We now proceed to the second point.

 The leases contained the following provisions made under the authority of Rule 4 of the General Regulations relating to grazing and agricultural leases of the Commissioner adopted August 23, 1930:

"It is understood and agreed that this lease is made for the sole use and benefit of the lessee. That no sub-lease or underlease (written or verbal) shall be made by the said lessee without the written consent of the Commissioner, and any violation of this agreement and understanding will subject this lease to cancellation."

The statute authorizing the cancellation for the violation of the terms of a lease is Sec. 8-847, N.M. Statutes 1941, as follows:

"8-847. Violation of lease or instrument covering state lands—Notice—Forfeiture for noncompliance with demand—The violation of any of the terms, covenants or conditions of any lease or instrument in writing executed by the commissioner covering state lands, or the nonpayment by any lessee of such lands of rental when due, shall, at the option of the commissioner work a forfeiture of any such lease or instrument in writing after thirty (30) days' notice thereof to the lessee and the holders of any collateral assignments by registered mail, addressed to his or their

last known post-office address of record in the state land office; provided, if within said thirty (30) days the lessee or the holders of any collateral assignments shall comply with the demand made in any such notice, cancelation shall not be made."

The only notice given the lessee that claim had been made she had violated the terms of the lease was the order to show cause, which we have held was in fact a notice of contest. By the terms of the statute an offending lessee is entitled to notice of the claimed violation of the terms of the lease, and if he ceases such violation or meets the demands within the thirty days no cause exists for cancellation.

The judgment of the District Court will be affirmed, and it is so ordered.

BRICE, C. J., and LUJAN and SADLER, JJ., concur.