301 P.2d 529

Chester PLUMMER, H. L. McCrary, C. A. Tevis and H. J. McCrary, Appellants,

v.

Sam JOHNSON, Appellee,

S. E. Reynolds, State Engineer of the State of New Mexico, Respondent.

No. 6113.

Supreme Court of New Mexico.

Aug. 15, 1956.

Rehearing Denied Oct. 3, 1956.

Reese, McCormick & Lusk, Carlsbad, for appellants.

Lewis C. Cox, Jr., Roswell, for appellee.

Charles D. Harris and Jack Love, Roswell, for respondent.

COMPTON, Chief Justice.

Appellants are seeking a review of an order of the District Court of Roosevelt County dismissing their appeal from a decision of the state engineer. The state engineer cross-appeals from an order dismissing him out of the case.

Appellee, Sam Johnson, applied to the state engineer for a permit to appropriate waters from the Roosevelt County Underground Water Basin and appellants protested the same. Following a hearing before him, the application was approved and the permit was granted. Appellants issued a "Notice of appeal" from the decision of the engineer to the District Court of Roosevelt County, which was served on the engineer and appellee and later filed in the office of the District Clerk of Roosevelt County. The notice reads:

"Notice of Appeal

"To: Sam Johnson
   "Arch, New Mexico

   "State Engineer
   "State of New Mexico
   "Sante Fe, New Mexico

   "Comes now Chester Plummer, H. L. McCrary, C. A. Tevis, and H. J. McCrary, protestants in the above styled and numbered matter, by their attorneys, and serves notice of their intention to appeal to the District Court of Roosevelt County, New Mexico, from the decision of the State Engineer of the State of New Mexico, made and entered of record in this matter on July 29, 1955, and as amended on August 5, 1955.

   "Dated at Portales, New Mexico, this 23 day of August, 1955.
                           "Mears & Mears
                           "Portales, New Mexico

                           "By: S/ Fred Boone

                           "Reese, McCormick, Lusk & Paine
                           "Carlsbad, New Mexico

                           "Attorneys for Protestants"

Subsequently, appellee and the state engineer jointly moved for a dismissal of the cause with prejudice on the ground that no appeal was taken to the district court within 30 days following the decision of the engineer. The motion was sustained and an order was entered dismissing the cause with prejudice, from which the protestants appeal.

The pertinent statutes read:

"75–11–10. Appeal to district court. —The decision of the state engineer shall be final in all cases unless appeal be taken to the district court within thirty (30) days after his decision as provided by section 151–173 of the 1929 New Mexico Statutes Annotated (75–6–1)."

"75–6–1. Appeal to district court— Notice—Proof of service—Procedure. —Any applicant or other party dissatisfied with any decision, act or refusal to act of the state engineer may take an appeal to the district court of the county wherein such work, or point of desired appropriation, is situated; Provided, notice of such appeal shall be served by appellant upon the state engineer and all parties interested, within thirty (30) days after notice of such decision, act or refusal to act, and unless such appeal is taken within said time, the action of the state engineer shall be final and conclusive. Notice of such appeal may be served in the same manner as summons in actions brought before the district courts of the state, or by publication in some newspaper printed in the county or water district wherein the work or point of desired appropriation in question is situated, once a week for four (4) consecutive weeks, the last publication to be at least twenty (20) days prior to the date when such appeal may be heard. Proof of service of such notice of appeal shall be as in suits brought in district courts, same to be filed in the district court to which appeal shall be taken within 30 days after service shall be complete. At the time of filing such proof, and upon payment by the appellant of the sum of seven dollars and fifty cents ($7.50), the clerk of the district court shall docket said appeal. Costs shall be taxed as in cases brought in district courts, and bond for costs may be required upon proper application. The proceeding upon appeal shall be de novo, except evidence taken in hearing before state engineer may be considered as original evidence, subject to legal objection the same as if said evidence was originally offered in such district court, and the court shall allow all amendments which may be necessary in furtherance of justice, and may submit any question of fact

arising therein to a jury, or to one (1) or more referees at its discretion."

■ Appellee and the engineer take the position that taking an appeal from a decision of the state engineer requires the filing of a formal application therefor and the allowance of the same by the district court. As we construe the statute, no such application to the district court is required. The district court does not grant the appeal, nor does the state engineer. An appeal is taken simply by serving the state engineer and the interested parties with the notice of appeal within 30 days after notice of his decision, filing the notice with proof of service in the district court within 30 days after such service is completed, and the payment of the required docket fee. The engineer's decision was made August 5, 1955, and the notice of appeal was served on appellee, Sam Johnson, on August 23, 1955. The state engineer was served with notice of appeal on August 29, 1955, which notice was retained in his office as a permanent record. Thereafter, on September 28, 1955, the notice with proof of service, was filed in the office of the Clerk of the District Court of Roosevelt County, the court to which the appeal was taken. The statutory fee was then paid and the case was docketed. Appellants thus complied with all statutory requirements in taking the appeal. Compare Commissioner of Public Lands v. Van Bruggen, 51 N.M. 108, 179 P.2d 528.

■ It must be borne in mind that the appeal provided is a creature of the statute and the word "appeal" does not mean that judicial power has been conferred on the state engineer or that the appeal is from one judicial tribunal to another. Quite the contrary; as thus used, it merely denotes the review by a judicial tribunal of the acts of an administrative officer, the state engineer.

In the dismissal order, the trial court held that the state engineer was not a proper party to the action and he cross-appeals.

■ We think there was error in this regard. The engineer has general supervision of public waters, the measurement, appropriation, and use thereof, § 75–2–1, 1953 Comp., and any decision entered by the district court is binding upon him, § 75–6–3, 1953 Comp. Consequently, on appeal from his decision, the engineer becomes a proper, if not an indispensable, party. We find the general rule announced at 73 C.J.S., Public Administrative Bodies and Procedures, § 178, as follows:

"In the absence of a statutory provision as to parties, the question with respect to who may or must be joined as parties to a proceeding to review the decisions and orders of an administrative agency is governed by the rules as to parties in civil actions generally. Accordingly, only necessary or proper parties may be joined, and the agency which made the order in question is usually considered a necessary, or at

least a proper, party, particularly where there is a public interest to be protected as distinguished from that of the parties directly affected by the order of the agency. * * *"

Also see Ferguson-Steere Motor Co. v. State Corporation Commission of New Mexico, 59 N.M. 220, 282 P.2d 705; State ex rel. Bliss v. Dority, 55 N.M. 12, 225 P.2d 1007; Bullock v. Tracy, 4 Utah 2d 370, 294 P.2d 707.

The judgment should be reversed with direction to the trial court to reinstate the case upon its docket and proceed in a manner not inconsistent herewith, and it is so ordered.

LUJAN, SADLER, McGHEE and KIKER, JJ., concur.