593 P.2d 979 (1979)
W. T. SMITH, Plaintiff-Appellant,
v.
COUNTY OF EL PASO, State of Colorado and the County Commissioners of the County of El Paso, Charles Heim, Leo Ververs and Thomas Foulks, Defendants-Appellees, and
Jack E. Titus and Joseph P. Davis, Applicants for Intervention-Appellants.
No. 78-187.
Colorado Court of Appeals, Div. II.
March 29, 1979.
*980 W. T. Smith, pro se.
Quigley, Palermo & Warren, P. C., Christopher D. Whitney, Colorado Springs, for defendants-appellees.
Jack E. Titus, pro se.
Joseph P. Davis, pro se.
ENOCH, Judge.
The applicants for intervention in the action below appeal from the trial court's denial of their motion to intervene and from the subsequent dismissal of the suit. We affirm as to the action taken on applicants' motion and dismiss plaintiff's appeal.
*981 In September 1975, plaintiff, W. T. Smith, applied for a Certificate of Designation to use certain property, which he leased from applicants, as a sanitary landfill known as the Curtis Road Landfill. Defendants, the Board of County Commissioners, issued the Certificate in Smith's name, with the requirement that the Certificate for the landfill be reviewed annually by the Board. On September 1, 1977, the Board held the second annual review of the Certificate, and after a public hearing, adopted a resolution to deny renewal of the Certificate.
Smith filed a complaint under C.R.C.P. 106 on September 16, 1977, challenging the County's action. On November 17, 1977, applicants filed a motion to intervene under C.R.C.P. 24, asserting that they were partners in the Curtis Road Landfill, that Smith was only their employee, and that their interest in the landfill would be impaired if the Certificate of Designation were not renewed. Defendant opposed the motion to intervene as not being timely filed within the 30 days required by C.R.C.P. 106(b). Applicants asserted they had not intervened earlier because until November 17, 1977, they believed Smith would adequately represent their interests. The trial court denied their motion to intervene and subsequently granted defendants' motion to dismiss, which motion was not opposed by Smith.
Applicants contend that the court erred in denying their motion to intervene, alleging that they had an interest in the landfill operation and that they became aware of the inadequacy of plaintiff's representation only after the 30 days. Defendants counter applicants' argument by asserting that applicants were indispensable parties who were not joined within 30 days and that therefore denial of intervention and dismissal of the suit were proper. We hold that the motion to intervene was not timely, and therefore denial of the motion was proper regardless of whether the applicants were indispensable parties.
C.R.C.P. 106(b) provides that the petition for review "shall be filed in the district court not later than 30 days from the final action taken by said tribunal." This time limit has been interpreted to mean that:
"any challenge to any agency action under C.R.C.P. 106(a)(4) must be perfected within the 30 days limitation of C.R.C.P. 106(b). Perfection includes the correct joinder of indispensable parties as required by C.R.C.P. 19. If other people's rights are going to be affected, they should be made parties from the beginning when agency action may be stayed and the proper parties can within apt time frame the issues and defend their rights." Civil Service Commission v. District Court, 186 Colo. 308, 527 P.2d 531 (1974). (emphasis in original)
Failure to join indispensable parties within 30 days is a jurisdictional defect requiring dismissal of the entire action. Civil Service Commission v. District Court, supra; Hidden Lake Development Co. v. District Court, 183 Colo. 168, 515 P.2d 632 (1973).
There are no Colorado cases deciding whether permissive joinder or permissive intervention must also be accomplished within the C.R.C.P. 106 30-day time limitation. However, we believe the policy enunciated in Civil Service Commission v. District Court, supra, requiring parties to frame issues and defend their rights within apt time, is equally applicable where prospective parties are not indispensable. Therefore, we hold that under C.R.C.P. 106(b), permissive joinder and permissive intervention can only be effected within 30 days after the final action taken by the tribunal. We note, however, that failure to join parties who are not indispensable is not a jurisdictional error, and therefore does not require dismissal of the suit. McIntosh v. Romero, 32 Colo.App. 435, 513 P.2d 239 (1973).
In light of our holding, it is irrelevant that the trial court made no finding as to whether applicants were indispensable parties. Their motion for intervention, coming 78 days after the final action of defendants denying the renewal of the Certificate, was not timely. The evidence in the record reveals that applicants knew well before the C.R.C.P. 106 proceeding that *982 their interests, which the trial court found to be different from Smith's, were not likely to be vigorously represented by Smith. And, because Smith was still a party to the action, applicants cannot successfully claim a right to intervene by characterizing their motion as one for substitution of parties. Cf. Harmelink v. City of Arvada, Colo.App., 580 P.2d 841 (1978). Applicants did not choose to assert their interests within the time allowed either by intervening or by initiating an independent action. Therefore, their motion to intervene was properly denied.
We need not consider applicants' argument that dismissal of Smith's suit was error. Applicants were not made parties to the suit; they are thus in no position to challenge the dismissal of plaintiff's lawsuit. In addition, because they filed their brief pro se without Smith's signature, they cannot challenge the dismissal on behalf of plaintiff as they purport to do in their brief. Smith has not filed a brief in support of his appeal, and the time for filing briefs has long passed. C.A.R. 31. Therefore, we dismiss plaintiff's appeal.
There being no other issues properly on appeal, the order of the trial court denying intervention is affirmed, and plaintiff's appeal is dismissed.
BERMAN and VanCISE, JJ., concur.