No. 80-367

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

IN THE MATTER OF UNFAIR LABOR PRACTICE:
BRUCE YOUNG BY CONSTRUCTION AND GENERAL
LABORERS' LOCAL NO. 1334 AFL-CIO,

Respondent and Complainant,

vs.

CITY OF GREAT FALLS,

Plaintiff and Appellant.

Appeal from: District Court of the Eighth Judicial District,
In and for the County of Cascade.
Honorable Joel G. Roth, Judge presiding.

Counsel of Record:

For Appellant:

David V. Gliko, City Attorney, argued, Great Falls,
Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
James Gardner, Bd. Personnel Appeals, Helena, Montana
D. Patrick McKittrick argued, Great Falls, Montana

Submitted: June 18, 1981

Decided: August 20, 1981

Filed: AUG 20 1981

*Thomas J. Kearney*
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

This appeal follows an order and judgment of the Eighth Judicial District, Cascade County, denying a motion to amend and dismissing appellant's petition for judicial review of a decision and order of the State Board of Personnel Appeals.

On January 10, 1979, respondent, Construction and General Laborers' Union Local No. 1334, AFL-CIO, filed an unfair labor practice charge with the Montana State Board of Personnel Appeals. This charge was filed on behalf of Bruce Young against appellant, City of Great Falls. Appellant answered and denied the charge, whereupon a hearing was held by an examiner for the Board. Following the hearing, the examiner on October 12, 1979, issued findings of fact, conclusions of law and a recommended order, confirming in part the unfair labor practice charge.

Appellant filed exceptions and objections to the decision rendered by the hearings examiner. A review hearing was then held and the Board of Personnel Appeals confirmed the recommended order. A final order was issued by the Board on February 21, 1980.

On March 21, 1980, appellant petitioned the District Court for judicial review of the final order. Service of the petition and a summons was acknowledged by Young, the attorney general of the State of Montana and the Board of Personnel Appeals. Appellant, however, did not include the Board as a named party on the petition.

Respondent, on April 21, 1980, moved to dismiss the petition for the reason that appellant failed to name the Board as a party within the 30-day limitation provided for in section 2-4-702, MCA. On April 30, 1980, appellant moved to amend its petition to add the Board as a party. A

hearing on the matter was held in the District Court on July 24, 1980. On July 29, 1980, the court issued a memorandum decision and order, denying appellant's motion to amend the petition and granting respondent's motion to dismiss. Judgment was so entered, and the City of Great Falls now appeals.

The sole issue on appeal is whether the State Board of Personnel Appeals is required to be designated as a party on a petition for judicial review. We hold that the State Board of Personnel Appeals is not required to be made a party.

Section 2-4-702, MCA, governs judicial review proceedings under the Administrative Procedure Act, including review of decisions by the Board of Personnel Appeals. That statute, in part, provides as follows:

"(2)(a) Proceedings for review shall be instituted by filing a petition in district court within 30 days after service of the final decision of the agency or, if a hearing is requested, within 30 days after the decision thereon. Except as otherwise provided by statute, the petition shall be filed in the district court for the county where the petitioner resides or has his principal place of business or where the agency maintains its principal office. Copies of the petition shall be promptly served upon the agency and all parties of record."

The only basis for dismissing this petition for judicial review is the claim by respondent that the Board is an indispensable party within the purview of Rule 19, M.R.Civ.P. In pertinent part, Rule 19 provides:

"A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest: . . ."

There is some support for the proposition that an administrative agency must be joined under Rule 19, M.R.Civ.P. See Smith v. County of El Paso (1979), 42 Colo.App. 316, 593 P.2d 979; Civil Serv. Com'n of C. & C. of Denver v. District Court (1974), 186 Colo. 308, 527 P.2d 531.

We believe that Rule 19, M.R.Civ.P., does not, by its terms, contemplate inclusion of an administrative board as an indispensable party for purposes of judicial review. Where the legislature has intended for administrative bodies to be made parties, they have specifically so provided. For example, section 39-51-2410, MCA, providing for judicial review of a decision by the Board of Labor Appeals, provides that the Employment Security Division shall be deemed to be a party in any action for judicial review. Yet when the legislature enacted 2-4-702, MCA, no provision was made for naming the "board" as a party for purposes of review.

Our court encourages a liberal interpretation of procedural rules governing judicial review of an administrative board. F.W. Woolworth Co., Inc. v. Employment Sec. Div. (1981), ___ Mont.___, 627 P.2d 851, 38 St.Rep. 694. Justice is best served by avoiding an over-technical approach and allowing the parties to have their day in court.

We hold that the Board of Personnel Appeals need not be a party to proceedings for judicial review. Accordingly, the District Court order and judgment is reversed, and the case remanded for proceedings in accordance with this opinion.

_____
Justice

-4-

We concur:

_____
Chief Justice

*John Conway Harrison*

*Daniel J. Shea*

_____


_____
Justices

Mr. Justice Gene B. Daly dissenting:

We dissent.

It is true the statute does not specify whether the agency is required to be named as a party in the petition for review and does not appear to make the agency's joinder mandatory or jurisdictional in nature. A thirty-day limitation on filing a petition for judicial review, however, has been interpreted to mean that any challenge to the agency action must be _perfected_ within the required thirty days. Perfection in this regard must include the correct joinder of all parties required to be joined under Rule 19, M.R.Civ.P. See Smith v. County of El Paso (1979), 42 Colo.App. 316, 593 P.2d 979; Civil Service Commission v. District Court (1974), 186 Colo. 308, 527 P.2d 531. (It should be pointed out that Colorado has not adopted the Administrative Procedure Act but provided for a judicial review of agency action in its rules of civil procedure, Rule 106, C.R.C.P., under which the above-cited cases were decided.)

If this interpretation is accepted by the Court, then a proper joinder of those individuals or agencies deemed to be essential or indispensable parties to the petition, under Rule 19, M.R.Civ.P., must be considered a jurisdictional requirement to be satisfied if dismissal is to be avoided.

Rule 19, M.R.Civ.P., provides in pertinent part:

> "A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest . . ."

-6-

Here, appellant is attempting to challenge a decision and order of the Board of Personnel Appeals, issued in furtherance of its duty as a quasi-judicial body to administer the public policy of this State as set forth in Title 39, Chap. 31, MCA (Collective Bargaining for Public Employees). In functioning to promote and advance this public policy, the Board has a definite interest in the petition to review and, as a practical matter, must be joined to insure a complete and just adjudication of that interest.

The majority, of course, disagrees with this conclusion and asserts that the Board is, by some liberal interpretation, excluded from their review hearing in court and that "justice is best served by avoiding an over-technical approach and allowing the parties to have their day in court." We do not understand how you give parties their day in court by excluding them. I suppose it depends on whose ox is being gored.

What the majority fails to realize, however, is that in this case a joinder of all essential parties within the thirty-day limitation period is a jurisdictional requirement. As a consequence of its juridictional nature, if a party is deemed essential or necessary to the proceeding, that party automatically becomes indispensable. This in no way depends on a liberal construction or other self-serving jingoisms relied upon by the majority.

Those essential jurisdictional requirements necessary to perfect a petition for review must be satisfied to vest authority in the reviewing or appellate tribunal. A failure to satisfy these requirements thus leaves the court with no adjudicatory or reviewing power; no jurisdiction to act; and

no discretion to remedy or waive the jurisdictional defects.

Here, appellant appears to have failed to vest the District Court with jurisdiction to consider the petition for review. If this is the case, then the court was unable to entertain appellant's motion to amend and was left with no alternative but to dismiss the action.

We would affirm the judgment of the District Court.

_____
Justice

We concur in the foregoing dissent:

_____
Chief Justice

_____
Justice