JUSTICE DALY,
dissenting:
We dissent.
It is true the statute does not specify whether the agency is required to be named as a party in the petition for review and does not appear to make the agency’s joinder mandatory or jurisdictional in nature. A thirty-day limitation on filing a petition for judicial review, however, has been interpreted to mean that any challenge to the agency action must be perfected within the required thirty days. Perfection in this regard must include the correct joinder of all parties required to be joined under Rule 19, M.R.Civ.P. See Smith v. County of El Paso (1979), 42 Colo.App. 316, 593 P.2d 979; Civil Service Commission v. District Court (1974), 186 Colo. 308, 527 P.2d 531. (It should be pointed out that Colorado has not adopted the Administrative Procedure Act but provided for a judicial review of agency action in its rules of civil procedure, Rule 106, C.R.C.P., trader which the above-cited cases were decided.)
If this interpretation is accepted by the Court, then a proper joinder of those individuals or agencies deemed to be essential or indispensable parties to the petition, under Rule 19, M.R.Civ.P., must be considered a jurisdictional requirement to be satisfied if dismissal is to be avoided.
Rule 19, M.R.Civ.P., provides in pertinent part:
“A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest *517 relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest...”
Here, appellant is attempting to challenge a decision and order of the Board of Personnel Appeals, issued in furtherance of its duty as a quasi-judicial body to administer the public policy of this State as set forth in Title 39, Chap. 31, MCA (Collective-Bargaining for Public Employees). In functioning to promote and advance this public policy, the Board has a definite interest in the petition to review and, as a practical matter, must be joined to insure a complete and just adjudication of that interest.
The majority, of course, disagrees with this conclusion and asserts that the Board is, by some liberal interpretation, excluded from their review hearing in court and that “justice is best served by avoiding an over-technical approach and allowing the parties to have their day in court.” We do not understand how you give parties their day in court by excluding them. I suppose it depends on whose ox is being gored.
What the majority fails to realize, however, is that in this case a joinder of all essential parties within the thirty-day limitation period is a jurisdictional requirement. As a consequence of its jurisdictional nature, if a party is deemed essential or necessary to the proceeding, that party automatically becomes indispensable. This in no way depends on a liberal construction or other self-serving jingoisms relied upon by the majority.
Those essential jurisdictional requirements necessary to perfect a petition for review must be satisfied to vest authority in the reviewing or appellate tribunal. A failure to satisfy these requirements thus leaves the court with no adjudicatory or reviewing power; no jurisdiction to act; and no discretion to remedy or waive the jurisdictional defects.
Here, appellant appears to have failed to vest the District Court with jurisdiction to consider the petition for review. If this is the case, then the court was unable to entertain appellant’s motion to amend and was left with no alternative but to dismiss the action.
We would affirm the judgment of the District Court.
CHIEF JUSTICE HASWELL and JUSTICE SHEEHY concur in the foregoing dissent.