649 P.2d 476

Joe M. MONTOYA, Plaintiff-Appellant,

v.

DEPARTMENT OF FINANCE AND ADMINISTRATION, Defendant-Appellee.

No. 5268.

Court of Appeals of New Mexico.

March 9, 1982.

Writ of Certiorari Quashed Aug. 12, 1982.

Ann Gleason, Santa Fe, for plaintiff-appellant.

Jeff Bingaman, Atty. Gen., Reginald J. Storment, Asst. Atty. Gen., Santa Fe, for defendant-appellee.

## OPINION

DONNELLY, Judge.

The dispositive issue in this appeal is whether a discharged State employee seeking judicial review of the final decision of the State Personnel Board must join the board as an indispensable party.

Appellant was employed by the Department of Finance and Administration (D. F. A.) in the State Transportation Pool. On August 29, 1980, he became involved in a confrontation with another employee in his department and was dismissed by his supervisor as a result of his alleged misconduct. He appealed his discharge to the State Personnel Board. After a hearing before an administrative hearing officer and review by the board, appellant's discharge from State employment was upheld.

Pursuant to § 10–9–18, N.M.S.A.1978 (Repl.1980), appellant filed timely notice of appeal January 6, 1981, in the District Court of Santa Fe, seeking judicial review of the final board decision rendered December 5, 1980. In his notice of appeal, appellant did not name the Personnel Board as a party. Appellee, State Department of Finance and Administration, filed a motion to dismiss the appeal on the basis that the

State Personnel Board was an indispensable party and that appellant failed to name it as a party within the 30-day limitation provided by statute. On February 23, 1981, prior to a hearing on the motion to dismiss appellant's appeal, appellant filed a motion seeking leave to join the board as a party to his appeal.

After a hearing, the District Court entered an order finding that (1) the State Personnel Board was an indispensable party to any appeal from the Board's decision, and (2) joinder of an indispensable party is improper after the prescribed time for filing a notice of appeal has expired.

Appellant seeks to overturn the trial court's ruling on four grounds: (1) The State Personnel Board is not an indispensable party to an appeal from its decision; (2) joinder of the State Personnel Board should have been permitted; (3) the State Personnel Board failed to intervene in the action; and (4) the State Personnel Board is administratively attached to the Department of Finance and Administration and hence need not be joined as an indispensable party.

Each of appellant's points argued on appeal are component parts of the central question whether the State Personnel Board is an indispensable party to an appeal from its administrative order denying his reinstatement. We discuss appellant's arguments jointly.

■ Appellee has directed our attention to appellant's failure to include any transcript citations in his brief-in-chief as required by N.M.R.Civ.App.P. 9, N.M.S.A. 1978. Failure to comply with appropriate rules governing appeals may result in dismissal of the appeal or application of sanctions against counsel. Since we deem the issues raised on appeal of fundamental importance, we will nevertheless address the merits of the points raised.

■ The precise question of whether the State Personnel Board is an indispensable party to an appeal from a final order making an administrative determination as to the employment status of a State employee is a matter of first impression.

The State Personnel Act, as first enacted, did not provide for judicial review of personnel board decisions and specifically declared that "any decision made by the board is final." [1] Section 10–9–18, *supra*, enacted by Laws 1980, 47, § 2, repealed this provision of the former law, and expressly provided a right of judicial review from decisions of the State Personnel Board. The statute provides in relevant part:

A. Any employee who is dismissed, demoted or suspended may, within thirty days after the dismissal, demotion or suspension, appeal to the board. The appealing employee and the agency whose action is reviewed have the right to be heard publicly and to present facts pertinent to the appeal.

\*       \*       \*       \*       \*       \*

E. The board may designate a hearing officer who may be a member of the board or any qualified State Employee to preside over and take evidence at any hearing held pursuant to this action. The hearing officer shall prepare and submit to the board a summary of the evidence taken at the hearing and proposed findings of fact. The board shall render a decision which shall include findings of fact and conclusions of law.

\*       \*       \*       \*       \*       \*

G. *Any party aggrieved by the decision of the board made pursuant to this section may appeal the decision to the district court for the district in which he resides, is employed or maintains his principal office or for the district of Santa Fe County. Such appeal shall be initiated by filing a notice of appeal with the clerk of the appropriate district court within thirty days after the service of the written copy of the decision of the board on that party. Upon appeal the district court shall affirm the decision of the board unless the decision is found to be:*

*(1) arbitrary, capricious or an abuse of discretion;*

1. Laws 1961, ch. 240, § 13.

(2) not supported by substantial evidence; or

(3) otherwise not in accordance with law. [Emphasis supplied.]

The statute is silent as to the requirement of joinder of the board in an appeal from its final order. Section 10–9–18(G), *supra*, invests the right of appeal to the district court in "any party aggrieved by the decision of the board." The language referring to "any party" by its context does not embrace the board itself.

Despite the absence of express statutory language mandating that the State Personnel Board be joined as an indispensable party, appellee contends that such a requirement is implicit in the enabling legislation that created the board. In carrying out its functions the board must, among other things, promulgate regulations to effectuate the Personnel Act, hear appeals and make recommendations to employers, and represent the public interest in the improvement of personnel administration in the State personnel system. Appellee submits that the board's functions are both quasi-judicial and policy-making in nature.

Given the board's dual role, appellee contends that the board must be considered an indispensable party to any appeal of its decision. Appellee points to several decisions supportive of its contentions, citing, among others, *State Game Commission v. Tackett*, 71 N.M. 400, 379 P.2d 54 (1962); *Plummer v. Johnson*, 61 N.M. 423, 301 P.2d 529 (1956); *Ferguson-Steere Motor Co. v. State Corporation Commission*, 59 N.M. 220, 282 P.2d 705 (1955). Appellee submits that in each of these decisions the administrative agency concerned was invested with a duty to protect vital public interests, and therefore, the Personnel Board, also representing corresponding public interests, must be joined as a party in any appeal from its administrative decision or order.

In *Ferguson-Steere Motor Co., supra*, the court held that the State Corporation Commission was an indispensable party to an appeal to the district court from an order issued by the commission cancelling a prior certificate of public convenience and neces-

sity and issuing a new certificate. The court stated, "We think there can be no question but that the Commission is * * * [an indispensable] party."

Similarly in *Plummer v. Johnson, supra*, the district court sustained a motion to dismiss an appeal from a decision of the State Engineer. There, the State Engineer granted a permit to appropriate water from an underground basin, and protestors appealed to the district court. The court held:

[O]n appeal from his decision, the [state] engineer becomes a proper, if not an indispensable, party. We find the general rule announced at 73 C.J.S., Public Administrative Bodies and Procedures, § 178, as follows:

'In the absence of a statutory provision as to parties, the question with respect to who may or must be joined as parties to a proceeding to review the decisions and orders of an administrative agency is governed by the rules as to parties in civil actions generally. Accordingly, only necessary or proper parties may be joined, and the agency which made the order in question is usually considered a necessary, or at least a proper party, particularly where there is a public interest to be protected as distinguished from that of the parties directly affected by the order of the agency.'

In *Continental Oil Co. v. Oil Conservation Commission*, 70 N.M. 310, 373 P.2d 809 (1962), the court considered a like issue: whether the Oil Conservation Commission should be permitted to participate in an appeal to the district court from its order prorating the amount of natural gas that could be produced from a specified pool. The court held the commission was a necessary party to an appeal, noting:

[T]he disposition of the question raised must of necessity include consideration of the scope of review upon appeal from the Oil Conservation Commission, inasmuch as the function of the commission, i.e., *whether administrative or quasi-judicial, is all important, because, if administrative, the authorities generally hold that, where the public interest is involved, such*

*body is a proper party in the appeal to the court.* See, *Plummer v. Johnson,* [*supra*] * * *.

\* \* \* \* \* \*

* * * Although subservient to the prevention of waste . . ., the protection of correlative rights must depend upon the commission's findings as to the extent and limitations of the right. . . . As such, it is acting in an administrative capacity in following legislative directions, and not in a judicial or quasi-judicial capacity * * *.

* * * [I]t should be obvious that the commission is a necessary adverse party, and it was error for the trial court to refuse to allow the commission to participate as such. *Plummer v. Johnson,* supra; *Board of Adjustment of City of Fort Worth v. Stovall,* 1974, 147 Tex. 366, 216 S.W.2d 171; and *Hasbrouck Heights, etc. v. Division of Tax Appeals,* 1958, 48 N.J. Super. 328, 137 A.2d 585. [Emphasis supplied, citations omitted].

Appellee also urges reliance upon the decisions in *Brown v. New Mexico State Board of Education,* 83 N.M. 99, 488 P.2d 734 (1971), and *Clark v. Rosenwald,* 30 N.M. 175, 230 P. 378 (1924), which state the rule that an omitted, indispensable party cannot be joined after the prescribed time for filing the appeal has run. While appellee correctly cites the rule applicable to the particular public bodies involved in other proceedings, the statutory provisions, agency powers involved, and current provisions of the Rules of Civil Procedure and factual background distinguish such cases from the issues here.

Under the rationale and holdings in the above cases, appellee contends that the Personnel Board is an indispensable party to an appeal of any of its decisions, whether it has acted in a policy-making role or as a quasi-judicial body. This argument advances the premise that the board is protecting a public interest separate and apart from the interests of the D. F. A. and plaintiff.

Appellee's argument, however, upon closer scrutiny, runs counter to the plain language of the legislative provision authorizing an appeal from the board's decision. Section 10–9–18(G), *supra,* authorizes "any party aggrieved by the decision of the board" to appeal the decision to the district court. In hearing administrative appeals by employees from agency action as distinguished from its function in adopting rules and creating policy, the State Personnel Board acts in a quasi-judicial capacity rather than a policy-making function. In the exercise of this latter role, the board is not an indispensable party.

As articulated in *Ferguson-Steere, supra; Plummer, supra* ; and *Continental Oil Co., supra,* the Supreme Court has recognized that (1) whether an agency was acting in a policy-making role or a quasi-judicial capacity, and (2) whether the body was acting under a duty to protect an important public interest are salient factors in the determination of whether an administrative agency is an indispensable party in an action seeking judicial review of its decisions. *See also Minnesota State Board of Health v. Governor's Certificate of Need Appeal Board,* 304 Minn. 209, 230 N.W.2d 176 (1975); *In re Getsug,* 290 Minn. 110, 186 N.W.2d 686 (1971); *Mortensen v. Pyramid Savings & Loan Association of Milwaukee,* 53 Wis.2d 81, 191 N.W.2d 730 (1971).

In *Plummer v. Johnson, supra,* the court also relied upon precedent recognizing the rule that in the absence of a statutory specification of parties, the question of who must be joined in a proceeding to review decisions and orders of administrative agencies must be governed by the rules as to parties in civil actions generally. *See generally* N.M.R.Civ.P. 19, N.M.S.A.1978 (Repl. 1980).

Since the ruling in *Plummer v. Johnson,* ascertainment of indispensable parties in civil proceedings has undergone extensive modification with the 1969 amendment to N.M.R.Civ.P. 19. As observed by J. Walden, Civil Procedure in New Mexico, § 6(d), at 159 (1973):

In 1969, a dramatic change in the law of parties took place in New Mexico with

the adoption of the amendments to Rule 19 which all but did away with the concept of the indispensable party. Under the new rule there was created a new type of party known as a person who should be joined if feasible. Such person should be joined in an action if any of the following circumstances exist:

(1) if complete relief to those present cannot be accorded in his absence; or

(2) his interests may be impaired by his absence; or

(3) those present may be exposed to multiple liability or inconsistent obligations as a result of his absence.

■ The adoption of amended Rule 19 mitigated the harshness of prior provisions of the rule. *See Holguin v. Elephant Butte Irrigation District*, 91 N.M. 398, 575 P.2d 88 (1977). The revision has not, however, extinguished the rule that non-joinder of a party will result in dismissal of a cause of action, where the party's absence will prevent the court from granting complete relief, significantly impair the interests of the absent party, or expose litigants to possible multiple liability or inconsistent obligations. *See Holguin v. Elephant Butte Irrigation Dist., supra; compare Abernathy v. Employment Security Commission*, 93 N.M. 71, 596 P.2d 514 (1979).

In a procedural situation strikingly similar to that in the instant case, *Young v. City of Great Falls*, Mont., 632 P.2d 1111 (1981), the court considered the issue of whether the Montana State Board of Personnel Appeals was required as an indispensable party under a state statute authorizing judicial review of its decisions. The court discussed whether Rule 19, Rules of Civil Procedure containing similar provisions to that of N.M. Rule of Civil Procedure 19, should be interpreted so as to find that the board was an indispensable party. The court held in applicable part:

There is some support for the proposition that an administrative agency must be joined under Rule 19, M.R.Civ.P. See *Smith v. County of El Paso* (1979), 42 Colo.App. 316, 593 P.2d 979; *Civil Serv. Com'n of C & C of Denver v. District Court* (1974), 186 Colo. 308, 527 P.2d 531.

We believe that Rule 19, M.R.Civ.P., does not, by its terms, contemplate inclusion of an administrative board as an indispensable party for purposes of judicial review. Where the legislature has intended for administrative bodies to be made parties, they have specifically so provided * * *.

Our court encourages a liberal interpretation of procedural rules governing judicial review of an administrative board. *F. W. Woolworth Co., Inc. v. Employment Sec. Div.* (1981), Mont., 627 P.2d 851, 38 St.Rep. 694. Justice is best served by avoiding an overtechnical approach and allowing the parties to have their day in court.

In its function of hearing appeals by state employees from agency actions affecting their employment, the New Mexico Personnel Board sits in a quasi-judicial capacity involving the taking of evidence and testimony and the rendering of a decision including findings of fact and conclusions of law. The board is also invested with rule and policy-making authority pursuant to § 10–9–10 and § 10–9–13, N.M.S.A.1978. These latter responsibilities are distinct from the Board's quasi-judicial functions in hearing administrative appeals.

■ The Personnel Act was enacted pursuant to express constitutional authority to foster desirable standards and qualifications for public employees. Section 10–9–2, N.M.S.A.1978 (Repl.1980); N.M.Const. Art. 7, § 2; *see also State ex rel. Gonzales v. Manzagol*, 87 N.M. 230, 531 P.2d 1203 (1975). The Act has for its basic purpose the furtherance of economy and efficiency in state government. To achieve this purpose and implement the objectives of the act, provisions providing for the right of an administrative hearing and judicial review should not be narrowly interpreted so as to restrict such review.

Although the Personnel Board is attached for administrative purposes to appellee, Department of Finance and Administration, pursuant to § 10–9–11, N.M.S.A.1978 (Repl.

1980), it is specifically empowered to exercise its functions independently of D. F. A. and without approval or control of the department. Section 9–1–7, N.M.S.A.1978.

 The statutory provisions for each administrative agency must be carefully examined to discover the legislative intent regarding procedures for securing judicial review from an order or decision of such a public body, but the fundamental purposes of the Personnel Act, public policy and furtherance of justice must also be considered. Such factors foster a right of judicial review and recognition of a policy that encourages a party's right to his day in court. In interpreting the Rules of Civil Procedure, New Mexico courts favor the right of a party to a hearing on the merits over dismissal of actions on procedural technicalities. *McCasland v. Prather,* 92 N.M. 192, 585 P.2d 336 (Ct.App.1978); *Carroll v. Bunt,* 50 N.M. 127, 172 P.2d 116 (1946). Moreover, our interpretation of the indispensable party rule is in keeping with *De Vargas Savings & Loan Association of Santa Fe v. Campbell,* 87 N.M. 469, 535 P.2d 1320 (1975), where the Supreme Court favored a policy against restricting or limiting judicial review in administrative matters.

While we recognize that, in appropriate circumstances, the board may be joined as a party before the district court or permitted to intervene where an appeal is taken from its final administrative decision involving a covered state employee, the board is not an indispensable party under the provisions of the Personnel Act or N.M. R.Civ.P. 19 as applicable to the facts herein. Inasmuch as the board is not an indispensable party, dismissal of appellant's appeal to the district court under § 10–9–18, *supra,* was error.

The cause is reversed and remanded to the trial court with instructions to reinstate appellant's appeal on its docket.

IT IS SO ORDERED.

LOPEZ and NEAL, JJ., concur.